UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**TANNER S. ADAM, JONATHAN L. ADAM, TRITEN FINANCIAL GROUP, LLC, and GCZ GLOBAL LLC,**<br><br>Defendants. | Civil Action File No.<br><br>JURY DEMAND |

## CONSENT ORDER FREEZING ASSETS

It appearing that the Securities and Exchange Commission (the "Commission") and Defendants Tanner Adam ("T. Adam") and Triten Financial Group ("Triten") (collectively the "T. Adam Defendants") (the Commission and T. Adam Defendants, hereafter "Parties") have consented thereto, and for good cause shown:

I.

**IT IS HEREBY ORDERED** that, until further order of the Court:

A.  The assets of the T. Adam Defendants as set forth herein are hereby frozen. The freeze shall include but not be limited to those funds located in any bank, brokerage firm, financial institution, third-party payment processor,

cryptocurrency exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, or cryptocurrencies accounts of the T. Adam Defendants as of the date of this Order.  In addition, proceeds derived from the securities offering alleged in the Commission's complaint remaining in the custody or control of any of the T. Adam Defendants are hereby frozen regardless of where said proceeds are located.  This freeze shall also include real property owned by any of the T. Adam Defendants or purchased with proceeds derived from the securities offerings alleged in the Commission's complaint (assets subject this Order, as set forth herein collectively referred to as the "Frozen Assets").  Notwithstanding the foregoing restrictions set forth in this paragraph, the T. Adam Defendants may open a new bank, brokerage, and crypto asset account through which they may direct, deposit, or transact funds and assets obtained or received from a source unrelated to the securities offering alleged in the Commission's complaint in this matter and unrelated to the Frozen Assets as set forth herein ("the Post Freeze Accounts"). Defendants shall provide the Commission counsel with notice of any such Post Freeze Account within 3 days of it being opened, and such notice shall include: (a) the name of the account holder(s); (b) the account number; and (c) the institution at which the account is established.  For the first sixty days after the entry of this Order, the T. Adam Defendants shall provide counsel for the Commission notice within 2 business days of any deposit into a Post Freeze Account exceeding $10,000 and

provide the (a) the source of those funds and/or assets received by each Post Freeze Account, (b) the dollar value of any such deposit, and (c) the consideration that the T. Adam Defendant(s) provided in return for those new funds or assets.  To the extent that the T. Adam Defendant anticipates the recurrence of such deposit, the T. Adam Defendant shall include in the initial notification the timing of the recurrence of such deposits and shall not be required to notify counsel for the Commission of any subsequent recurring deposits.  While this Order remains in effect, the T. Adam Defendants shall email counsel for the Commission, within 2 business days of receipt, copies of the monthly account statements from the institution at which the Post Freeze Account(s) are established and monthly account statements for any credit cards used by any T. Adam Defendant.  The T. Adam Defendants shall also provide Commission counsel via email, within 5 business days of each month end, written statements under oath identifying (a) the source of any new funds and assets received by each Post Freeze Account, (b) the dollar value of any such transaction, and (c) the consideration that the T. Adam Defendant(s) provided in return for those new funds or assets.  The T. Adam Defendants shall provide any additional information with respect to the Post Freeze Accounts, or any transaction therein, upon request by Commission counsel within three business days of receipt of such request.

    B.    The real property assets of T. Adam Defendants that are frozen include, but are not limited to, the following:

715 S Walker St
Angleton, TX 77515

9 Greystone Ct
Angleton, TX 77515

518 Bryan St
Angleton, TX 77515

719 S Walker
Angleton, TX 77515

C. The T. Adam Defendants and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain the Frozen Assets, including all digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets, of the T. Adam Defendants and presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of the T. Adam Defendants), in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets

(except where such diminution in value is caused by market movements in the ordinary course), which are hereby frozen, including, but not limited to, such Frozen Assets held in the following accounts:

| Financial Institution | Account No. | Account Name |
|---|---|---|
| First Carolina Bank | xxxxx2773 | Triten Financial Group, LLC |
| First Carolina Bank | xxxxx2906 | Triten Financial Group, LLC |
| First Carolina Bank | xxxxx2964 | Triten Financial Group, LLC |
| First Carolina Bank | xxxxx2767 | Tanner Scott Adam |
| JP Morgan Chase Bank, N.A. | xxxxx7767 | Triten Financial Group, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx7451 | Triten Financial Group, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx8689 | Triten Financial Group, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx0919 | Triten Financial Group, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx8912 | Triten Financial Group, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx7002 | Triten Financial Group, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx3016 | Tanner Adam |
| JP Morgan Chase Bank, N.A. | xxxxx7478 | Tanner Adam |
| JP Morgan Chase Bank, N.A. | xxxxx7486 | Tanner Adam |
| JP Morgan Chase Bank, N.A. | xxxxx2480 | Tanner Adam |
| Comerica Bank | xxxxx8368 | Triten Financial Group, LLC |
| Comerica Bank | xxxxx9216 | Triten Financial Group, LLC |
| Chicago Title Insurance | xxxxx5027 | Escrow Account for Unit |

| | | |
|---|---|---|
| Company | | No. UPH1, 444 Brickell One Condominium |

| Crypto Exchange | Type | Account |
|---|---|---|
| Kraken | | AA90N84GOA46LPGI |
| Kracken | Blockchain Platform | H8RqzXoWjVCBUQDeBiMsdWG4MCDBWrCBXVF2MqYU7v3N |
| Kracken | Blockchain Platform | TBK1UXX6NwEesfAZAwNanxTuTU7D94QnEi |
| Kracken | Bitcoin | 3Fqp6WT7GwFzGbXgcTgH3Gf1B4KHSvExVX |
| Kracken | Bank | 53112408\|1004002906 |
| Kracken | Ether Contract | 0x5117f86ca54b79460fc9b2fbb5abb1c7ccfceeae |
| Kracken | Blockchain Platform | 6m1o3Qt9PsfKmNcqnsuwuKKiSTNVdwYiHXuVH1CqnaPk |
| Kracken | Ether Contract | 0xedf764f26e8d37775999ef0d7b72c6abcac7aeb1 |
| Kracken | Blockchain Platform | 4qciHT4QmPYoMTjLcGzas9rv6pyN47Xq2BUTqUNPrdp9 |
| Kracken | Bank | 053112408\|1004002906 |

D.   All banks, brokerages, financial institutions, third-party payment processor, cryptocurrency exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, or cryptocurrencies and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets subject to this Order as defined herein, including all digital assets, digital currencies, virtual

currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets, wherever located in the name, for the direct or indirect benefit, or under the direct or indirect control of the T. Adam Defendants or over which the T. Adam Defendants exercise actual or apparent investment or other authority (including assets in the name of the T. Adam Defendants), in whatever form such assets may presently exist and wherever located as of the date of this Order, including but not limited to all such funds held in the accounts listed in Paragraph C above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value (except where such diminution in value is caused by market movements in the ordinary course), or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

  E. All persons who hold or possess the direct or indirect proceeds of the securities offering alleged in the Complaint, in whatever form such funds or other assets may presently exist, who receive actual notice of this Order, by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain such funds and other assets, including all digital assets, digital currencies, virtual currencies,

cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets (except where such diminution in value is caused by market conditions in the ordinary course), which are hereby frozen.

## II.

**IT IS FURTHER ORDERED** that with any bank, brokerage firm, financial institution, third-party payment processor, cryptocurrency exchange, or any other holder or custodian of the Frozen Assets as set forth herein, including any digital assets, digital currencies, virtual currencies, or cryptocurrencies or any other person, partnership, corporation or other entity maintaining or having, as of the date of this Oder, custody or control of: (a) any brokerage or depository accounts or other assets subject to this Order of the T. Adam Defendants; or, (b) accounts, securities, digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets of any kind into which investor or customer funds or proceeds subject to this Order have been invested or deposited; (c) accounts or assets subject to this Order under the direct or indirect control of any T. Adam Defendant, or (d) other tangible or intangible assets subject to this Order as

defined herein under the direct or indirect control of any T. Adam Defendant, who receives actual notice of this Order, shall:

(i)  freeze such accounts, funds or assets;

(ii)  within five (5) business days of receipt of such notice, file with the Court and serve on counsel for the Commission and for the T. Adam Defendants, a certified statement setting forth, with respect to each such account, fund, digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets, the balance in the account or the description of the assets as of the close of business on the date of the receipt of the notice;

(iii)  promptly cooperate with the Commission to determine whether and to what extent any accounts, funds, digital assets, digital currencies, virtual currencies, cryptocurrencies, digital wallets, or other tangible, intangible, and digital funds or assets are actually assets or proceeds of assets of any of the T. Adam Defendants.

## III.

**IT IS FURTHER ORDERED** that the T. Adam Defendants shall submit in writing to the Commission, within five (5) business days following service of this Order upon them, the following identifying information:

(A)  all names by which every person with authority to exercise control over the T. Adam Defendants is known and the nationality of such persons;

(B)    all business and residence addresses, postal box numbers, telephone numbers, and facsimile numbers, e-mail addresses, safety deposit boxes, and storage facilities used by any of the T. Adam Defendants or by any person under their direct or indirect control, at any time since January 1, 2023 through the present; and

(C)    each account with any bank, brokerage firm, financial institution, third-party payment processor, cryptocurrency exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, or cryptocurrencies accounts maintained in any of the T. Adam Defendants' name or held for any of the T. Adam Defendants' direct or indirect beneficial interest from January 1, 2023 through the date of this Order.

**IV.**

**IT IS FURTHER ORDERED** that each T. Adam Defendant shall prepare and present to this Court and to the Commission, within twenty (20) business days following service of this Order upon them, a sworn accounting identifying:

1. all transfers or payments of funds to them or any other entity controlled by them from investors, lenders, or clients in connection with the securities offering alleged in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial

institution of the party making and the party receiving the transfer or payment);

2.     in detail, the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

- the nature and results of any investment in which the funds were used;

- any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

- any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

3.     by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or

location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

4. assets of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of the T. Adam Defendants, whether in the United States or elsewhere; and

5. all accounts held at any bank, brokerage firm, financial institution, third-party payment processor, cryptocurrency exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, or cryptocurrencies accounts in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Defendants, or in which Defendants have or had any direct or indirect beneficial interest, at any time from January 1, 2023 to the date of this Order.

Nothing in this Order, however, shall be construed to require that a defendant abandon or waive any constitutional or other legal privilege which he or she may have available, including the Fifth Amendment privilege against self-incrimination. In turn, nothing in this Order shall prevent the Commission from opposing or

challenging any assertion by a defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

V.

**IT IS FURTHER ORDERED** that the T. Adam Defendants and their officers, agents, employees, servants, attorneys, any bank, brokerage firm, financial institution, third-party payment processor, cryptocurrency exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, or cryptocurrencies accounts of the T. Adam Defendants and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are hereby restrained and enjoined from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to defendants or the misconduct described in the Complaint.

VI.

**IT IS FURTHER ORDERED** that to the extent the T. Adam Defendants transferred any funds out of any account containing investor funds at any time after

July 3, 2024, the T. Adam Defendants will repatriate any assets into the accounts from which they were transferred within three (3) business days of this Order.

## VII.

**IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made personally, by facsimile, by overnight courier, by email, or by mail upon each of the T. Adam Defendants, their attorneys, their U.S. agents or their foreign agents, including banks to the extent permitted by law, or by alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure; or as this Court may direct by further order.

## VIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon each of the T. Adam Defendants and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service in accordance with Section VII of this Order, or otherwise.

-15-

## IX.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

Dated: August ___, 2024

_____
UNITED STATES DISTRICT JUDGE