# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** <br><br> Plaintiff, <br><br> v. <br><br> **TANNER S. ADAM, JONATHAN L. ADAM, TRITEN FINANCIAL GROUP, LLC, and GCZ GLOBAL LLC,** <br><br> Defendants. | Civil Action File No. 1:24-cv-03774-MHC <br><br><br> **JURY DEMAND** |

**BRIEF IN SUPPORT OF COMMISSION'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

On August 26, 2024, the Securities and Exchange Commission (the "Commission") filed a complaint against Tanner Adam and his brother Jonathan Adam (collectively, the "Adam Brothers"), and their respective companies, Triten Financial Group, LLC and GCZ Global, LLC, alleging that Defendants conducted a fraudulent Ponzi scheme raising more than $60 million in funds from more than 80 investors. Contemporaneously with the filing of the complaint, Defendants agreed to the entry of judgments in which they consented, without admitting or denying the allegations of the complaint, to the entry of a judgment against them in which they were enjoined from future violations of Section 17(a) of the Securities

Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder. The consent judgments also provided that the Commission could file a motion with the Court seeking prejudgment interest, disgorgement and civil penalties against Defendants. Additionally, Defendants agreed to provide the Commission with an accounting of their use of investor funds.

The Defendants' accounting confirmed what the Commission's own analysis of the Defendants' bank records showed. Defendants transferred funds to family members, used investor funds to purchase homes for family members, and used investor funds to pay personal expenses of family members. Defendant's family members provided no services in exchange for these funds and should not be permitted to benefit from Defendants' fraud at the expense of harmed investors.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Commission respectfully moves the Court for leave to file its proposed First Amended Complaint (attached to the Commission's Motion as Exhibit 2 ["Ex. 2"])[1] to add six relief defendants and submits this brief in support of the motion. For the convenience of the Court and the Defendants, the Commission has appended as Exhibit 3 to its Motion a version of the proposed First Amended

---

[1] This Brief in Support of the Commission's Motion is Exhibit 1 to the Motion.

Complaint which tracks all the proposed changes from the original complaint filed in this matter.

The Commission seeks through this amendment to add Ava A. Adam, Garrett L.W. Adam, Robert S. Adam, Carrie L. Adam, Emilio F. Hinojosa, and Virginia I. Hinojosa as relief defendants, seeking disgorgement and prejudgment interest against them. Each proposed relief defendant currently resides in a home titled in their respective names that was purchased with investor funds. Additionally, the defendants used investor funds to pay various personal expenses incurred by Ava Adam, Robert Adam, Carrie Adam, and Garrett Adam. Finally, the defendants transferred investor funds to both Ava Adam and Garrett Adam. Adding these individuals as relief defendants is necessary to ensure that the Commission can return as much of the proceeds of Defendants' fraud to harmed investors.

## I.     PROCEDURAL BACKGROUND

### A.     The Initial Complaint

The Commission's complaint, filed on August 26, 2024, alleges that from January 2023 until June 14, 2024, the Defendants raised at least $61.5 million in funds from more than 80 investors. The Defendants offered investors the opportunity to participate in a crypto asset lending pool the Adam Brothers purportedly operated in the decentralized finance space. Through investment

3

contracts in the form of promissory notes and lending agreements, the Adam Brothers offered investors the opportunity to earn up to a 13.5 percent monthly return. The Adam Brothers told investors that these monthly returns were generated from the fees earned on the total amount of capital purportedly made available in the lending pool. While the Adam Brothers did send a portion of investor funds to two different crypto asset trading platforms, most investor funds were not deployed as represented by the Adam Brothers. Instead, of the $61.5 million of investor funds raised by the defendants, at least $53.9 million was either misappropriated or used to pay interest, pay finders fees, or return principal to existing investors.

### B.     The Consent Orders

The Court entered Consent Orders upon the filing of the civil action preliminarily enjoining the Defendants from violating the charged provisions of the federal securities laws, and freezing the Defendants' assets, including four houses. Pursuant to the Consent Orders, the Defendants agreed to provide the Commission with an accounting of their use of investor funds. These accountings showed that the Defendants used investors funds to pay to build homes that were ultimately titled in the names of the relief defendants. Additionally, these accountings showed that the Defendants used investor funds to pay expenses of certain of the relief defendants. Finally, these accountings showed that the Defendants

transferred investor funds to certain relief defendants.

## II.     THE PROPOSED AMENDED COMPLAINT

The proposed First Amended Complaint names as relief defendants, Ava A. Adam, Garrett L.W. Adam, Robert S. Adam, Carrie L. Adam, Emilio F. Hinojosa, and Virginia I. Hinojosa.  All the proposed relief defendants are family members of the Adam Brothers.  Specifically, Robert Adam and Carrie Adam are the parents of the Adam Brothers, and Garrett Adam is the brother of the Adam Brothers.  Ava Adam is the partner of Defendant Jonathan Adam.  Emilio Hinojosa is Ava's brother and Virginia Hinojosa is Emilio's wife.  The addition of the proposed relief defendants is the primary amendment to the original complaint and the new allegations in the proposed amended complaint relate solely to the Defendants' use of investor funds for the proposed relief defendants' benefit.

Specifically, the new allegations set forth the facts showing that the proposed relief defendants are recipients of investor funds.  The amended complaint alleges that all the proposed relief defendants currently reside in homes that were purchased using investor funds and that those homes are titled in their respective names.  The amended complaint also alleges that the Defendants used investor funds to pay the personal expenses of Ava Adam and specifically identifies Robert and Carrie Adam as the individuals referenced in the original complaint for which Defendant Tanner Adam funded a bank account with investor

5

funds for their use. Additionally, the amended complaint alleges that Defendants used investor funds to pay personal expenses of Robert and Carrie Adam and alleges that Jonathan Adam used investor funds to buy a vehicle for Garrett Adam. The amended complaint further alleges that Defendants transferred investor funds to Ava Adam and Garrett Adam. Finally, the amended complaint seeks relief in the form of disgorgement and prejudgment interest from all the proposed relief defendants.

## III.   LEAVE TO AMEND SHOULD BE GRANTED

### A.   Rule 15(a)

Rule 15(a) of the Federal Rules of Civil Procedure provides that an amended complaint may be filed only "with the opposing party's written consent or the court's leave" after 21 days of service of the original complaint or 21 days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. Fed.R.Civ.P. 15(a)(2). Rule 15 further provides that "[t]he court should freely give leave [to amend] when justice so requires." *Id*. The court has discretion to make this determination, but it must provide a substantial reason for denying leave to amend because "Rule 15(a) severely restricts the district court's freedom." *Shipner v. E. Air Lines*, 868 F.2d 401, 407 (11th Cir.1989) (policy embodied in Federal Rules of Civil Procedure favors liberality of amendments). The Supreme Court has stated that although "the grant or denial of an opportunity to amend is

within the discretion of the District Court, ... outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent "undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir.1994) and *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (both citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Allowing the Commission to file the First Amended Complaint would not prejudice the Defendants, nor is the proposed amendment unduly delayed or otherwise futile. Fed.R.Civ.P. 15(a). As an initial matter, the proposed amendment does not expand Defendant's liability, but simply expands the individuals from whom the Commission can obtain monetary relief.

Nor are the proposed amendments futile. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *See, e.g., St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.,* 198 F.3d 815, 822 (11th Cir. 1999). Courts have widely upheld the appropriateness of relief defendant claims in circumstances like those alleged here. *See, e.g., SEC v. Cavanagh,* 445 F.3d 105, 109 n. 7 (2d Cir. 2006) (finding business associate and wife were relief defendants because they received shares from the defendant which

7

were ill-gotten gains, in exchange for no consideration). Additionally, the proposed First Amended Complaint does not make new claims against the existing defendants, further undermining the possibility that defendants could assert a futility defense.

Permitting the Commission to add the individuals as relief defendants also would promote the interest of judicial economy and would result in economies for the parties. All that remains to be resolved in this case is the monetary relief that should be imposed against the Defendants. One form of monetary relief that the Commission has requested is disgorgement of the Defendant's ill-gotten gains. The proposed relief defendants are recipients of a portion of the ill-gotten gains the Commission is entitled to recover. Resolving who received which portion of the ill-gotten gains from Defendants' fraudulent scheme in one proceeding will ensure that both the Defendants and the proposed relief defendants are treated equitably. Moreover, the evidence that will be used to establish who received ill-gotten gains, bank records, will be the same for both the Defendants and the proposed relief defendants. Additionally, the relief defendants' liability flows directly from the Defendants and resolving who is liable for which portion of the misappropriated funds in one proceeding will ensure that there is no double-counting. Under the circumstances, requiring two separate proceedings would entail substantial duplication and inefficiencies, and would serve no purpose. *See*, *e.g.*, *Bridgeport*

*Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 415 (S.D.N.Y. 2008) (granting leave to amend to name additional defendant when claims against additional defendant were substantially similar to those already in the case).

**B.     Rules 20 and 21**

In order to amend a complaint to add additional defendants after a responsive pleading has been filed, a plaintiff, in addition to satisfying the requirements of Rule 15(a), must demonstrate compliance with one of the other rules governing the addition of parties.  *See, e.g., Fincher v. Georgia-Pac., LLC*, 2009 WL 2601322, at *1 (N.D. Ga. Aug. 24, 2009).

Rule 20(a)(2) of the Federal Rules of Civil Procedure provides that persons may be joined in one action as defendants if:

> (A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)  any question of law or fact common to all defendants will arise in the action.

In addition, Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed.R.Civ.P. 21.  The Eleventh Circuit has held that "[d]ropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court."  *Lampliter Dinner Theatre, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045 (11th Cir. 1986).

Under Rule 20, a party seeking joinder must establish two conditions: (1) a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. When evaluating the propriety of a specific instance of joinder, the Court "is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (quoting *Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1323 (11th Cir. 2000)). "The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy: 'Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Alexander*, 207 F.3d at 1323 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)). The Court has broad discretion to join parties or not to join them. *Swan,* 293 F.3d at 1253.

The Commission has satisfied the requirements for the permissive joinder of defendants under Rule 20(a)(2) because its claimed right to relief against the relief defendants arises out of the same series of transactions or occurrences that it has already alleged against the existing Defendants. The Commission will show that the relief defendants received investor funds from the Defendants and that the

10

relief defendants did not provide value for those funds. At this point in the litigation, the only question to be resolved against both the Defendants and the proposed relief defendants is how much they received from the fraudulent scheme. Resolution of that question will involve questions of fact and law common to all the persons sought to be joined. *See* Fed.R.Civ.P. 20(a)(2)(B).

## IV. CONCLUSION

For the reasons stated herein and for any other reasons deemed appropriate by the Court, the Commission respectfully requests that the Court grant its motion for leave to filed the attached proposed Amended Complaint in order to add Ava A. Adam, Garrett L.W. Adam, Robert S. Adam, Carrie L. Adam, Emilio F. Hinojosa, and Virginia I. Hinojosa as relief defendants, seeking disgorgement and prejudgment interest against them.

Respectfully submitted this 21st day of March, 2025,

*/s/ Kristin W. Murnahan*
M. Graham Loomis
Regional Trial Counsel
United States Securities & Exchange Commission
950 E. Paces Ferry Road NE, Suite 900
Atlanta, GA 30326
404-842-7622
Georgia Bar No. 457868
loomism@sec.gov

        Kristin W. Murnahan
        Senior Trial Counsel
        United States Securities & Exchange Commission
        950 E. Paces Ferry Road NE, Suite 900
        404-842-7655
        Atlanta, GA 30326
        Georgia Bar No. 759054
        murnahank@sec.gov

        COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notice of such filing to counsel of record.

I also certify that I sent the foregoing filing via UPS to the following counsel for Defendants:

Robert Rhatigan
Practus, LLP
2001 L Street, NW, Suite 500
Washington, DC 20036

Dated: March 21, 2025

*/s/ Kristin W. Murnahan*
Kristin W. Murnahan