# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TANNER S. ADAM, JONATHAN L. ADAM, TRITEN FINANCIAL GROUP, LLC, and GCZ GLOBAL LLC,<br><br>Defendants, and<br><br>AVA A. ADAM, GARRETT L.W. ADAM, ROBERT S. ADAM, CARRIE L. ADAM, EMILIO F. HINOJOSA, AND VIRGINIA I. HINOJOSA,<br><br>Relief Defendants. | Civil Action File No.<br>1:24-cv-03774-MHC<br><br><br>JURY DEMAND |

## DECLARATION OF KRYSTA M. CANNON

Pursuant to 28 U.S.C. § 1746, the undersigned states as follows:

1.    I am a Senior Accountant in the Enforcement Division of the United States Securities and Exchange Commission (the "Commission"). I have been licensed by the State of Georgia as a CPA since November 2000. I am over eighteen years of age and am competent to make this declaration.

2.      I am the staff accountant who was part of the team assigned to the investigation of possible violations of the securities laws by the Defendants in the above-entitled cause of action, and I submit this declaration in support of the Commission's Motion for Remedies.

3.      This Declaration is based upon my personal review of the following financial records, including monthly account statements, cancelled checks, deposit records, and wire details for the accounts listed below:

| Account Name | Financial Institution | Account Number | Start Date | End Date |
|---|---|---|---|---|
| GCZ Global, LLC | Wells Fargo | 1975215573 | June 6, 2023 | June 30, 2024 |
| GCZ Global, LLC | Wells Fargo | 8892573372 | February 12, 2024 | June 30, 2024 |
| Jonathan Adam Ava Adam | Wells Fargo | 3865624153 | January 31, 2022 | May 31, 2024 |
| Jonathan Adam Ava Adam | Wells Fargo | 7450691972 | Jnauary 3, 2022 | June 12, 2024 |
| Shorestream Limited | Wells Fargo | 7250931925 | April 1, 2024 | June 30, 2024 |
| Tanner Adam | First Carolina | 4004002767 | May 10, 2023 | March 8, 2024 |
| Tanner Adam | JPMC | 219593016 | December 23, 2021 | June 25, 2024 |
| Tanner Adam | JPMC | 514347478 | March 18, 2024 | June 28, 2024 |
| Tanner Adam | JPMC | 514347486 | March 18, 2024 | June 28, 2024 |
| Tetragon FLP, LLC | JPMC | 929116082 | February 23, 2023 | June 28, 2024 |
| Triten Financial Group LLC | Comerica Bank | 1883178368 | January 20, 2023 | March 31, 2023 |
| Triten Financial Group LLC | Comerica Bank | 1883189126 | January 1, 2023 | March 31, 2023 |
| Triten Financial Group, LLC | First Carolina Bank | 1004002773 | May 1, 2023 | February 29, 2024 |
| Triten Financial Group, LLC | First Carolina Bank | 1004002906 | March 20, 2023 | February 29, 2024 |
| Triten Financial Group, LLC | First Carolina Bank | 1004002964 | July 3, 2023 | February 29, 2024 |
| Triten Financial Group, LLC | JPMC | 514347767 | March 4, 2024 | June 28, 2024 |
| Triten Financial Group, LLC | JPMC | 3376207451 | March 4, 2024 | June 28, 2024 |
| Triten Financial Group, LLC | JPMC | 586638689 | February 26, 2024 | June 28, 2024 |
| Triten Financial Group, LLC | JPMC | 586700919 | February 26, 2024 | June 28, 2024 |
| Triten Financial Group, LLC | JPMC | 936898912 | March 23, 2023 | June 28, 2024 |
| Triten Financial Group, LLC | JPMC | C58437002 | June 1, 2024 | June 28, 2024 |

4.      The Commission obtained the financial account information detailed in paragraph 3 above from the listed financial institutions.

5.      Based on my review of the accounts identified in paragraph 3, I have concluded that Defendants used funds they received from investors to pay interest

and principal to other investors, to pay finders' fees and to pay personal expenses

of Jonathan Adam and Tanner Adam, (collectively, the "Adam Brothers") and their

family.

6.      In addition to my review of the accounts identified in paragraph 3, I

have also reviewed accountings provided by the Adam Brothers through their

counsel whereby they have provided electronic downloads of selected accounts

along with explanations for sources and uses of funds.

7.      Bank records from February 1, 2023, through June 30, 2024, show

that the Adam Brothers misappropriated more than $19 million of the investor

funds that they raised.  Because the Adam Brothers commingled investor funds, I

was not able to determine the specific amount of ill-gotten gains that Jonathan

Adam or Tanner Adam received.  The following table reflects the incoming

investor funds less payments back to investors, finders' fees, and net funds sent to

the crypto markets.

|  | Triten | GCZ | Total |
|---|---|---|---|
| Investor funds raised in business and personal accounts | $ 40,707,612 | $ 20,852,322 | $ 61,559,934 |
|  |  |  |  |
| Investor Payments | (24,480,078) | (6,567,081) | (31,047,159) |
|  |  |  |  |
| Net Disgorgement | 16,227,534 | 14,285,241 | 30,512,775 |

8.      Tanner Adam directed investor funds in the amount of $3.725 million

towards the down payment and progress payments for an 11,861 square foot, five-

bedroom, nine-and-a-half-bathroom penthouse condominium he is building in Miami, with a total purchase price of nearly $30 million.

9.     The Adam Brothers directed a total of $1,599,300 to a Texas home builder who built custom homes for their brother, their parents, Jonathan, and Jonathan's in-laws.

10.     In addition to the construction cost of the four new homes in Texas, Jonathan, both individually and through GCZ, paid $237,355 to purchase five acres of land which was divided and used for three of the four Texas homes.

11.     Jonathan paid at least $480,000 to the builder for construction of a new home for himself and his partner, Ava Adam.

12.     Ava Adam, benefitted from the use of investor funds for virtually all living expenses for the period from March 1, 2023 through July 31, 2024.  From the accounting provided directly by Jonathan Adam for his and Ava's joint personal account, at least $258,000 of investor funds were used to pay numerous expenses incurred by or benefitting Ava, including health insurance mortgage payments, car payments, car insurance, household expenses, and credit card bills.

13.     Ava Adams also received direct transfers of $62,000 to her personal checking account.

14.    Additionally, Jonathan paid over $131,000 on home and construction related expenses for his new home, including over $75,000 for the construction of a pool, and $44,000 to a construction company owned by his in-laws.

15.    Jonathan Adam paid $56,900 in annual rent for a home for himself and Ava as well as a second home for his parents to live in during the construction period on the new homes.

16.    Jonathan directed a total of over $490,000 for the purchase of cars, trucks, and recreational vehicles.

17.    The Adam Brothers used investor funds to pay living expenses for themselves and for their parents, Robert and Carrie Adam, including designer purchases at Louis Vuitton, Carolina Herrera, and Jimmy Choo, and credit card payments of over $290,000.  Jonathan made cash withdrawals in excess of $350,000.

18.    Tanner designated a Triten bank account for his parents from which his parents made credit card payments, tax payments, and payments for other living expenses exceeding $65,000 in a four-month period ending in June 2024.  In total, the Adam Brothers designated over $190,000 to the benefit of their parents' account and payments on their behalf.

19.    The Adam Brothers directed $325,782 in investor funds to build a home for their parents.

20.    In addition to $412,000 paid towards the construction of a home for their brother, Garrett Adam, the Adam Brothers purchased him a vehicle for $85,254 and made payments to him in excess of $160,000 during the Relevant Period.

21.    Jonathan's brother-in-law, Emilio Hinojosa, invested $30,000 into GCZ and in return received $24,664 in cash.  In addition to purchasing the land the home was built upon, Jonathan paid $379,695 for construction of a new home for his in-laws, Emilio and Virginia Hinojosa.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Dated:  September 30, 2025                    *Krysta M. Cannon*
                                                    Krysta M. Cannon