# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> TANNER S. ADAM, JONATHAN L. ADAM, TRITEN FINANCIAL GROUP, LLC, and GCZ GLOBAL LLC, <br><br> Defendants, and <br><br> AVA A. ADAM, GARRETT L.W. ADAM, ROBERT S. ADAM, CARRIE L. ADAM, EMILIO F. HINOJOSA, AND VIRGINIA I. HINOJOSA, <br><br><br> Relief Defendants. | Civil Action File No. 1:24-cv-03774-MHC |

## FINAL JUDGMENT AS TO DEFENDANTS AND RELIEF DEFENDANTS

The Securities and Exchange Commission having filed a Complaint against

Defendants Tanner S. Adam, Jonathan L. Adam, Triten Financial Group, LLC

("Triten"), and GCZ Global LLC ("GCZ") (collectively "Defendants") and Relief

Defendants Ava A. Adam, Garrett L.W. Adam, Robert S. Adam, Carrie L. Adam,

Emilio F. Hinojosa, and Virginia L. Hinojosa (collectively "Relief Defendants")

and Defendants having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; and consented to venue in this District:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or

information or making, either orally or in writing, any false or misleading

statement in any communication with any investor or prospective investor, about:

> (A) any investment strategy or investment in securities,
>
> (B) the prospects for success of any product or company,
>
> (C) the use of investor funds,
>
> (D) compensation to any person,
>
> (E) Defendants' qualifications to advise investors; or
>
> (F) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Judgment by personal service

or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys;

and (b) other persons in active concert or participation with Defendants or with

anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants are permanently restrained and enjoined from violating Section 17(a)

of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the

offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails,

directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of investor funds,

    (D) compensation to any person,

    (E) Defendants' qualifications to advise investors; or

    (F) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant Tanner Adam is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant Tanner Adam, participating in the issuance, purchase, offer, or sale of any security, including any crypto asset security, provided that such injunction shall not prevent Defendant Tanner Adam from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Tanner Adam's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Tanner Adam or with anyone described in (a).

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant

to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant

Jonathan Adam is permanently restrained and enjoined from directly or indirectly,

including, but not limited to, through any entity owned or controlled by Defendant,

participating in the issuance, purchase, offer, or sale of any security, including any

crypto asset security, provided that such injunction shall not prevent Defendant

Jonathan Adam from purchasing or selling securities listed on a national securities

exchange for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Judgment by personal service

or otherwise:  (a) Defendant Jonathan Adam's officers, agents, servants,

employees, and attorneys; and (b) other persons in active concert or participation

with Defendant Jonathan Adam or with anyone described in (a).

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants are jointly and severally liable for disgorgement of $30,512,775,

representing net profits gained as a result of the conduct alleged in the Complaint,

plus prejudgment interest of $6,221,302.  Defendants shall satisfy this obligation

by paying $36,734,077 to the Securities and Exchange Commission within 30 days

after entry of this Final Judgment.  Defendants' disgorgement and prejudgment

interest obligations shall be offset by any funds collected from the Relief

Defendants.

Defendants may transmit payment electronically to the Commission, which

will provide detailed ACH transfer/Fedwire instructions upon request.  Payment

may also be made directly from a bank account via Pay.gov through the

Commission's website at http://www.sec.gov/about/offices/ofm.htm.  Defendants

may also pay by certified check, bank cashier's check, or United States postal

money order payable to the Securities and Exchange Commission, which shall be

delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number,

and name of this Court; Tanner Adam and Jonathan Adam as defendants in this

action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of

payment and case identifying information to the Commission's counsel in this

action.  By making this payment, Defendants relinquish all legal and equitable

right, title, and interest in such funds and no part of the funds shall be returned to

Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Tanner Adam shall pay a civil penalty in the amount of $3,00,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C.

§ 78u(d)(3)].  Defendant Tanner Adam shall make this payment within 30 days after entry of this Final Judgment.

Defendant Tanner Adam may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. Defendant Tanner Adam may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Tanner Adam as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Tanner Adam shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Tanner Adam relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Tanner Adam.

The Commission may enforce the Court's judgment for penalties by the use

of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant Tanner Adam shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Tanner Adam shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Tanner Adam's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or

reduction of such compensatory damages award by the amount of any part of

Defendant Tanner Adam's payment of a civil penalty in this action ("Penalty

Offset").  If the court in any Related Investor Action grants such a Penalty Offset,

Defendant Tanner Adam shall, within 30 days after entry of a final order granting

the Penalty Offset, notify the Commission's counsel in this action and pay the

amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the

Commission directs.  Such a payment shall not be deemed an additional civil

penalty and shall not be deemed to change the amount of the civil penalty imposed

in this Judgment.  For purposes of this paragraph, a "Related Investor Action"

means a private damages action brought against Defendant Tanner Adam by or on

behalf of one or more investors based on substantially the same facts as alleged in

the Complaint in this action.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant Jonathan Adam shall pay a civil penalty in the amount of $3,00,000 to

the Securities and Exchange Commission pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15

U.S.C. § 78u(d)(3)].  Defendant Jonathan Adam shall make this payment within 30

days after entry of this Final Judgment.

Defendant Jonathan Adam may transmit payment electronically to the

Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. Defendant Jonathan Adam may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jonathan Adam as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Jonathan Adam shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Jonathan Adam relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Jonathan Adam.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant

Jonathan Adam shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Jonthan Adam shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Jonathan Adam's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Jonthan Adam's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a

Penalty Offset, Defendant Jonthan Adam shall, within 30 days after entry of a final

order granting the Penalty Offset, notify the Commission's counsel in this action

and pay the amount of the Penalty Offset to the United States Treasury or to a Fair

Fund, as the Commission directs.  Such a payment shall not be deemed an

additional civil penalty and shall not be deemed to change the amount of the civil

penalty imposed in this Judgment.  For purposes of this paragraph, a "Related

Investor Action" means a private damages action brought against Defendant

Jonthan Adam by or on behalf of one or more investors based on substantially the

same facts as alleged in the Complaint in this action.

## VIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Ava A.

Adam is jointly and severally liable with Defendants for disgorgement of

$931,000, representing net profits gained as a result of the conduct alleged in the

Complaint, plus prejudgment interest of $64,202.  Ava Adam shall satisfy this

obligation by paying $995,202 to the Securities and Exchange Commission within

30 days after entry of this Final Judgment.

Ava Adam may transmit payment electronically to the Commission, which

will provide detailed ACH transfer/Fedwire instructions upon request. Payment

may also be made directly from a bank account via Pay.gov through the

Commission's website at http://www.sec.gov/about/offices/ofm.htm.  Ava Adam

also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Ava Adam shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Ava Adam relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Ava Adam.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Ava Adam shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds (collectively, the "Fund") until further order of this Court.

15

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

## IX.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Garrett L.W. Adam is jointly and severally liable with Defendants for disgorgement of $657,254, representing net profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest of $64,277.  Garrett Adam shall satisfy this obligation by paying $721,531 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Garrett Adam may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm.  Garrett Adam also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Garrett Adam shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Garrett Adam relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Garrett Adam.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Garrett Adam shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds (collectively, the "Fund") until further order of this Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act

17

of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

**X.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Carrie L. Adam and Robert S. Adam are jointly and severally liable with each other and with Defendants for disgorgement of $515,782, representing net profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest of $39,280.  Carrie and Robert Adam shall satisfy this obligation by paying $555,062 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Carrie and Robert Adam may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. Carrie and Robert Adam also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Carrie and Robert Adam shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Carrie and Robert Adam relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Carrie and Robert Adam.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Carrie and Robert Adam shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds (collectively, the "Fund") until further order of this Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order

of the Court.

## XI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Emilio F. Hinojosa and Virginia L. Hinojosa are jointly and severally liable with each other and with Defendants for disgorgement of $379,695, representing net profits gained as a result of the conduct alleged in the Complaint, plus prejudgment interest of $34,345.  Emilio and Virgina Hinojosa shall satisfy this obligation by paying $414,040 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Emilio and Virgina Hinojosa may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. Emilio and Virginia Hinojosa also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final

Judgment.

Emilio and Virginia Hinojosa shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Emilio and Virgina Hinojosa relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Emilio and Virginia Hinojosa.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Emilio and Virginia Hinojosa shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds (collectively, the "Fund") until further order of this Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

## XII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Ava and Jonathan Adam shall relinquish all legal and equitable rights, interest and title in the real property located at 518 Bryan Street, Angleton, Texas 77515.

## XIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Garrett Adam shall relinquish all legal and equitable rights, interest and title in the real property located at 9 Greystone Court, Angleton, Texas 77515.

## XIV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Robert and Carrie Adam shall relinquish all legal and equitable rights, interest and title in the real property located at 719 S. Walker Street, Angleton, Texas 77515.

## XV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Emilio and Virgina Hinojosa shall relinquish all legal and equitable rights, interest and title in the real property located at 716 S. Walker Street, Angleton, Texas 77515.

## XVI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by

Defendants Tanner Adam and Jonathan Adam, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by

Defendant Tanner Adam or Jonathan Adam under this Final Judgment or any other

judgment, order, consent order, decree or settlement agreement entered in

connection with this proceeding, is a debt for the violation by Defendant Tanner

Adam and Jonathan Adam of the federal securities laws or any regulation or order

issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code,

11 U.S.C. §523(a)(19).

### XVII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

of this Final Judgment.

Dated: _October 14_, 2025

_Mark H. Cohen_

MARK H. COHEN
UNITED STATES DISTRICT JUDGE