# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> TANNER S. ADAM, JONATHAN L. ADAM, TRITEN FINANCIAL GROUP, LLC, GCZ GLOBAL LLC, AVA A. ADAM, *Relief Defendant*, GARRETT L.W. ADAM, *Relief Defendant*, ROBERT S. ADAM, *Relief Defendant*, CARRIE ADAM, *Relief Defendant*, EMILIO F. HINOJOSA, *Relief Defendant*, VIRGINIA I. HINOJOSA, *Relief Defendant*, <br><br> Defendants. | Civil Action No. <br> 1:24-cv-03774-VMC |

## ORDER

This matter is before the Court on Defendants' Unopposed Motion for Relief from Final Judgment under Fed. R. Civ. P. 60(b). (Doc. 34).

## Background

This action was commenced by Plaintiff, Securities and Exchange Commission ("Plaintiff") on August 26, 2024, against Defendants Tanner S. Adam, Jonathan L. Adam, Triten Financial Group, LLC, and GCZ Global, LLC. (*See* Doc. 1). On that same day, Defendants "agreed to the entry of judgments in which they

consented, without admitting or denying the allegations of the complaint, to the entry of a judgment against them," and Plaintiff contemporaneously filed a Motion to Approve Consent Judgment. (Docs. 7; 17-1 at 2). The case was then terminated the next day, on August 27, 2024. Then, on March 21, 2025, Plaintiff filed a Motion for Leave to File First Amended Complaint, to add six relief defendants to the action. (*See* Doc. 17-1 at 3). The Court granted the motion on April 17, 2025, (*See* Doc. 18), and Plaintiff filed its Amended Complaint that same day. (*See* Doc. 19).

Plaintiff issued various returns of service for each of the six relief defendants on May 5, 2025. With no responsive filings from the relief defendants, Plaintiff then filed a Motion for Clerk's Entry of Default on September 26, 2025. (*See* Doc. 28). Shortly thereafter, Plaintiff filed its Motion for Remedies and Default Judgment on October 1, 2025, but on that same day, an administrative order stayed this case for lapse in appropriations. (*See* Docs. 29; 30). Despite the stay, the Court entered a final judgment as to the relief defendants on October 14, 2025. (*See* Doc. 31). This Motion then followed on October 20, 2025. (*See* Doc. 34).

## Legal Standard

Fed. R. Civ. P. 60(b) states,

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final

>    judgment, order, or proceeding for the following reasons:
>    (1) mistake, inadvertence, surprise, or excusable neglect;
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>    (4) the judgment is void;
>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>    (6) any other reason that justifies relief.

A motion under Rule 60(b)(1) must be brought no more than a year after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

## Discussion

Defendants' Motion is based on mistake or inadvertence under Fed. R. Civ. P. 60(b)(1). (Doc. 34 at 2). Although neither mistake nor inadvertence are defined by Rule 60(b) itself, mistake has been defined to include "all mistakes of law made by a judge," and interpreted broadly. *Kemp v. United States*, 596 U.S. 528, 534, 539 (2022); *see also United States v. Gaines*, No. 22-12876, 2024 WL 2764819, at *2 (11th Cir. May 30, 2025) (explaining that rule 60(b)(1) "allows a district court to correct 'all mistakes of law made by a judge.'" quoting *Kemp v. United States*, 596 U.S. at 534)). Although inadvertence has not been addressed directly by caselaw in this Circuit, other Circuits have granted relief under Rule 60(b) for judicial

3

inadvertence. *See Larson v. Heritage Square Assocs.*, 952 F.2d 1533, 1536 (8th Cir. 1992); *see also O'Tell v. New York, N.H. & H.R. Co.*, 236 F.2d 472, 475 (2d Cir. 1956).

Here, the arguments advanced by the Relief Defendants fit squarely within the criteria for mistake or inadvertence. Indeed, they argue that the Order entered by the Court was done while an administrative order was in effect, and that their response to the Motion for Remedies and Default Judgment was not due until "seventeen days from the day the Administrative Order" was lifted. (Doc. 34 at 4). Therefore, the Court's final judgment was entered by "mistake or inadvertence" as "it should not have been entered" given that the administrative order stayed "all civil litigation in which the United States, its federal agencies, or its officers and/or employees [were] named parties." (*Id.*). Additionally, the Relief Defendants filed the present Motion less than a week after the Court's order, well within a year of its entry. Thus, the Relief Defendants have timely presented appropriate arguments that fit the kind of mistakes or inadvertences recognized within this Circuit as well as others.

## Conclusion

The Relief Defendants' Motion for Relief from Final Judgment (Doc. 34) is **GRANTED**. The Court's October 14, 2025, Order (Doc. 31) is hereby **VACATED**. It is

**FURTHER ORDERED** that the Parties are instructed to meet and confer on an agreed form of a final judgment. It is

**FURTHER ORDERED** that if the Parties are unable to come to an agreement on a final judgment, the Relief Defendants are instructed to file a response to Plaintiff's Motion for Remedies and Default Judgment (Doc. 29) no later than 30 days from the entry of this Order.

**SO ORDERED** this 14th day of January, 2026.

_____
Victoria Marie Calvert
United States District Judge