**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

SECURITIES AND EXCHANGE
COMMISSION

       Plaintiff,

v.                                                                    Civil Action No. 1:24-cv-03774-VMC

TANNER S. ADAM, *et al.*,

       Defendants, and

AVA A. ADAM, *et al.*,

       Relief Defendants.

**DEFENDANTS AND RELIEF DEFENDANTS' NOTICE OF SUBPOENAS
TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO
<u>BAM TRADING SERVICES INC.</u>**

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of

Civil Procedure, Defendants and Relief Defendants will issue the attached subpoena

to BAM Trading Services Inc., commanding them to produce documents,

information, or objects in the above civil action. This production is due within

fourteen (14) days of service of the subpoena (March 16, 2026) to Mary M. Weeks

at 600 Peachtree Street, N.E., Suite 3000, Atlanta, GA 30308.

Respectfully submitted, this 16th day of March, 2026.

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Mary M. Weeks*
Mary M. Weeks
Georgia Bar No. 559181
Derek L. Centola (Ga. Bar No. 749911)
derek.centola@troutman.com
Hannah L. Baskind
Georgia Bar No. 276384
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
T: 404-885-3000
F: 404-885-3900
mary.weeks@troutman.com
hannah.baskind@troutman.com

Patrick Clendenen (admitted *pro hac vice*)
**PRACTUS, LLP**
555 Long Wharf Drive
New Haven, CT 06511
T: 203-212-9046
patrick.clendenen@practus.com

*Counsel for Defendants Tanner S. Adam, Jonathan L. Adam, Triten Financial Group, LLC and GCZ Global LLC and Relief Defendants Ava A. Adam, Garrett L.W. Adam, Robert S. Adam, Carrie L. Adam, Emilio F. Hinojosa, and Virginia I. Hinojos*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| SECURITIES AND EXCHANGE COMMISSION | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-03774-MHC |
| TANNER S. ADAM, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    BAM Trading Services Inc. d/b/a Binance.US, CT Corp. System, 330 N. Brande Blvd., Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Production of documents within 14 days of service consistent with requests in Attachment A and F.R.C.P. 45.

| Place: Mary M. Weeks<br>Troutman Pepper Locke, LLP<br>mary.weeks@troutman.com | Date and Time:<br><br>03/30/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  March 16, 2026

CLERK OF COURT

OR

_____          Mary M. Weeks
*Signature of Clerk or Deputy Clerk*          _____
                                             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendants and Relief Defendants _____ , who issues or requests this subpoena, are:

Mary M. Weeks, 600 Peachtree Street, N.E., Suite 3000, Atlanta, GA 30308, mary.weeks@troutman.com 404.885.3000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03774-MHC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

**A.     Definitions**

1.      "Binance.US", "You" or "Your" means BAM Trading Services Inc. d/b/a Binance.US, its predecessors, successors, parents, subsidiaries, affiliates, divisions, and all of their respective officers, directors, employees, agents, and representatives.

2.      "User" or "Account Holder" means the individual or entity associated with the Binance.US accounts identified as:

- 4wkK1pvE285ziapfG47EyX3ANU3w92n7tkAj79eqLVqo
- 4RuL7fn9iFz3tzXYbprHBor5rTBuv8tmepJA61pTaULf
- HCP2Zxyx1ioCYqg2xMVEpe83mzoTkrSXnMnukKiQgsC1

3.      "Account" means any and all Binance.US accounts, subaccounts, or wallets associated with the User, including closed, frozen, or suspended accounts.

4.      "Documents" and "Electronically Stored Information" (ESI) shall be interpreted to the fullest extent permitted by applicable rules, and include writings, records, communications, data, and metadata of any kind, however stored or maintained.

5.      Relevant Time Period means November 1, 2022 through December 31, 2023 unless otherwise specified.

**B.     Instructions**

1.      <u>Form of Production</u> - Produce ESI in native format (*e.g.*, .csv, .xlsx, .json, .log) where available, including associated metadata (timestamps, IP addresses, device identifiers, transaction IDs, TX hashes, etc.). For ledgers, logs, and transactional records, produce in a reasonably usable, exportable format (*e.g.*, CSV or Excel).

2.      <u>Completeness</u> - Include all responsive documents, whether stored locally, on servers, in the cloud, backup systems, or with third-party vendors, to the extent under Your possession, custody, or control.

3.      <u>Privilege / Objections</u> - If you withhold any document, identify it on a privilege log (date, author, recipients, general subject matter, and the specific privilege or objection asserted).

4.      <u>Continuing Obligation</u> - This subpoena is continuing in nature. If additional responsive documents are located after the initial production, promptly supplement your production.

### **DOCUMENT REQUESTS**

Produce the following documents and ESI relating to the User and Account, for the Relevant Time Period unless otherwise specified:

**REQUEST NO. 1**:

Produce all personally identifiable information ("PII") collected for the User's Account, including but not limited to full legal name, aliases, or prior names; email addresses (current and historical); telephone numbers (current and historical); physical and mailing addresses; date of birth; nationality or country of residence; and any other identifiers (e.g., username, handle, referral codes).

**REQUEST NO. 2:**

Produce all government-issued identification documents submitted for verification, including but not limited to, passport scans (all pages provided); driver's license or other government-issued ID scans (front and back); any additional identity documents (e.g., national ID cards, residence permits).

**REQUEST NO. 3:**

Produce all Know Your Customer ("KYC") / anti-money laundering ("AML") onboarding files, including but not limited to, account application forms or online registration data; results of identity verification checks (e.g., third-party KYC/AML services); risk scores, compliance flags, and any enhanced due diligence reports; and/or notes or internal correspondence regarding the KYC review of the User.

**REQUEST NO. 4:**

Produce all current and historical account profile information, including but not limited to, profile changes history (names, addresses, emails, phone numbers); security settings (e.g., two-factor authentication configuration, SMS/email alerts); linked external accounts, wallets, or services.

**REQUEST NO. 5:**

Produce a full ledger of all cryptocurrency deposits to and withdrawals from the User's Account, including for each transaction: date and time (with time zone); asset (e.g., Bitcoin ("BTC"), Ethereum ("ETH"), Tether ("USDT"); amount and transaction type (deposit, withdrawal, transfer in/out); source or destination blockchain address(es); transaction hash/ID; any associated internal IDs or references; status (pending, completed, failed, canceled).

**REQUEST NO. 6:**

Produce a full ledger of all fiat currency deposits to and withdrawals from the User's Account, including for each transaction: date and time (with time zone); currency (e.g., U.S. Dollar); amount and transaction type (deposit, withdrawal, transfer); payment method (e.g., bank transfer, debit card, credit card, ACH, wire, other); any reference, memo, or note fields; status (pending, completed, reversed, chargeback, failed).

**REQUEST NO. 7:**

Produce the complete order and trade history for the Account, including for spot, margin (if applicable), peer-to-peer ("P2P"), over-the-counter (OTC), and any other trading functionalities, including for each: Order ID; Order type (market, limit, stop, etc.); Buy/sell designation; Trading pair (e.g., BTC/USD, ETH/USDT); Price, quantity, and executed quantity; Fees, rebates, or commissions charged; Date and time of order placement, modification, and execution; and Order status (open, partially filled, filled, canceled).

**REQUEST NO. 8:**

Produce all peer-to-peer ("P2P") and OTC transaction records, including: Counterparty identifiers (user IDs or pseudonyms, if known); Payment method used; Any chat or communication logs associated with P2P/OTC trades, if retained.

**REQUEST NO. 9:**

Produce all complete access logs for all login attempts and sessions for the Account, including successful and failed attempts, with for each log entry: Date and time of access (with time zone); IP address; Device identifier(s) (e.g., device ID, MAC address, mobile device information, if available); Browser or application information (user agent string); Login status (success/failure) and reason for failure (if recorded); Geolocation data or country/region derived from IP, if available.

**REQUEST NO. 10:**

Produce any records of password changes, security setting changes, or account recovery events, including date/time; IP address; Device or browser information; and/or Method of change (email link, SMS code, authenticator app, etc.).

**REQUEST NO. 11:**

Produce all records identifying devices approved, registered, or otherwise associated with access to the Account, including device names or labels; Device type (e.g., iOS, Android, Windows, MacOS); Device identifiers (device ID, serial number, model, if available); Dates of registration, modification, or removal; Any notes or comments associated with device approvals.

**REQUEST NO. 12:**

Produce all available Fiat Banking and Payment Information, including documents sufficient to identify any bank accounts, payment cards, or other financial instruments used to: deposit fiat currency into the Account, withdraw fiat currency from the Account, and/or purchase cryptocurrency using fiat.

Such documents should include, where available: name of financial institution; account holder name; partial account numbers (redacted as necessary for security); card type and last four digits (for card payments); any records of rejected or failed transactions.

**REQUEST NO. 13:**

Produce all internal notes, alerts, or flags associated with the User or Account, including fraud or risk alerts; transaction monitoring alerts; suspicious activity reports ("SAR") or equivalent internal documentation (to the extent not prohibited from disclosure by law).

**REQUEST NO. 14:**

Any communications between Binance.US personnel concerning the User or Account (excluding purely internal legal advice, if privileged).

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D, I certify that the foregoing document was prepared in Times New Roman 14-point font, in compliance with Local Rule 5.1.C.

*/s/ Mary M. Weeks*
Mary M. Weeks
mary.weeks@troutman.com
Georgia Bar No. 559181

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 16th day of March, 2026.

/s/ Mary M. Weeks
Mary M. Weeks
mary.weeks@troutman.com
Georgia Bar No. 559181