**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>TANNER S. ADAM, *et al.*,<br><br>Defendants, and<br><br>AVA A. ADAM, *et al.*,<br><br>Relief Defendants. | Civil Action No. 1:24-cv-03774-VMC |

**DEFENDANTS AND RELIEF DEFENDANTS' MOTION FOR**
**HEARING ON PLAINTIFF'S MOTION FOR REMEDIES**
**AND DEFAULT JUDGMENT**

Defendants Tanner S. Adam, Jonathan L. Adam (the "Individual Defendants"), Triten Financial Group, LLC ("Triten"), and GCZ Global LLC ("GCZ") (together with the Individual Defendants, the "Defendants"), and Relief Defendants Ava A. Adam, Garrett L.W. Adam, Robert S. Adam, Carrie L. Adam, Emilio F. Hinojosa, and Virginia I. Hinojosa (collectively, the "Relief Defendants"; together with Defendants, the "Responding Parties"), respectfully file this Motion for hearing to consider Plaintiff Securities and Exchange Commission's ("SEC") Motion for Remedies and Default Judgment ("Remedies Motion"), Defendants' and

Relief Defendants' Opposition in Response and corresponding declarations and evidence showing the Court as follows:

## I.    Oral Argument will Assist the Court in Resolving the Complex Legal Issues and Facts of this Case.

1.    This Court's Standing Order for Request for Oral Argument on Motion states:

> In accordance with Local Rule 7.1(E), motions are usually decided without oral argument, but the Court will consider any request for hearing.  If oral argument is requested, the party or parties should specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument.

Standing Order III.s.

2.    Given the complexity of this case, the Court should grant an evidentiary hearing to review the Responding Parties' arguments and support.  Courts may— and often must—grant evidentiary hearings in conjunction with deciding SEC Motions for Remedies and Default Judgment. Fed. R.  Civ. P. 55(b)(2) ("Rule 55") (covering "all other cases" and requiring the district court to conduct hearings when needed to "establish the truth of any allegation by evidence" or determine damages).

3.    In SEC enforcement actions, disgorgement amounts and civil penalties typically do not constitute sum-certain calculations, as they require reasonable approximations of alleged ill-gotten gains and consideration of various factors.  *See Liu v. Sec.  & Exch.  Comm'n*, 591 U.S. 71, 83–84, 91–92 (2020) (holding disgorgement must be limited to net profits after deduction of legitimate expenses,

and courts must carefully ensure award is not punitive).  This places most SEC default judgment proceedings squarely within Rule 55(b)(2)'s scope, triggering the court's authority and often obligation to conduct evidentiary hearings.  *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 (11th Cir. 2005) (holding it is an abuse of discretion to refuse to conduct an evidentiary hearing in case where defendant had consented to liability but reserved right to contest amount of disgorgement and prejudgment interest); *see also Sec. & Exch. Comm'n v. Wright*, 261 F. App'x 259, 261 (11th Cir. 2008) (Rule 55 "requires the district court to hold an evidentiary hearing to determine the amount of damages.").

## II.    The Scope of the Hearing Would Focus on the Presentation of Evidence to Discern the Appropriate Remedies in this Case.

4.    The Responding Parties respectfully submit that the hearing they request is an evidentiary hearing of meaningful, but not unlimited, scope.  They anticipate that the hearing will include substantive oral argument and the presentation of evidence bearing on the appropriate remedies in this matter, including the potential introduction of expert testimony and related materials described in their Response in Opposition to Plaintiff's Remedies Motion.

5.    In particular, the Responding Parties may seek and desire to reserve the right to rely on expert analyses prepared by AlixPartners, LLP and Nardello & Co., including if necessary or helpful to the Court, to be introduced by way of live witness

testimony concerning the tracing of digital-asset transactions, the calculation of any net profits, and the treatment of legitimate business expenses.

6.      Responding Parties also expect to introduce any additional information obtained (or to be obtained) through third-party subpoenas directed to cryptocurrency exchange Binance.US and cryptocurrency payments processor CoinPayments, Inc., to be served contemporaneously with the filing of the Responding Parties' Opposition in Response to the Remedies Motion.[1]

7.      The evidentiary hearing, therefore, may involve focused testimony and exhibits directed to these remedial and accounting issues, together with corresponding opportunities for examination and cross-examination, so that the Court may resolve the parties' competing factual showings and determine any appropriate disgorgement, prejudgment interest, penalties, and related relief.

III.    **Oral Argument Would Have the Added Benefit of Providing an Opportunity for a Young Attorney to Argue.**

8.      Additionally, the Responding Parties request this Court conduct a hearing to allow for the participation of a young attorney in oral argument. This Court's Standing Order notes that "[t]he Court will strongly consider granting oral

---

[1] This discovery is authorized by the Defendants' consent judgments. *See, e.g.*, ECF No. 9 (Consent Judgment as to Defendant Jonathan L. Adam) at 6 ("In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.").

argument in any case where a lawyer with less than seven (7) years of experience will be chiefly responsible for oral argument, or for a discrete issue of oral argument." Standing Order III.s. Should the Court grant an evidentiary hearing, Mr. Derek Centola (an attorney with less than seven years of experience) would argue a discrete issue.[2]

## REQUEST FOR RELIEF

WHEREFORE, based on the foregoing, the Responding Parties respectfully request that the Court:

1.    Set the SEC's Remedies Motion for an evidentiary hearing under Rule 55(b)(2) to determine appropriate remedies, including disgorgement, prejudgment interest, penalties, and related relief;

2.    Authorize the potential presentation of live and documentary evidence, to the extent deemed necessary by the parties, including expert analyses and

---

[2] This Court has previously acknowledged that if a young attorney would argue a discrete issue, it would be inclined to grant oral argument. *See Lucky Cap. Mgmt., LLC v. Miller & Martin PLLC*, No. 1:14-CV-193, 2019 WL 7496781, at *12 n.6 (N.D. Ga. Sept. 4, 2019), *aff'd*, 828 F. App'x 533 (11th Cir. 2020). And other judges at the Court also highlight the consideration of young attorneys' participation in oral argument. *See Krocka v. Georges*, No. 1:17-CV-5173, 2021 WL 11718130, at *1 (N.D. Ga. Jan. 18, 2021), *report and recommendation adopted*, No. 117CV05173SDGAJB, 2021 WL 11718181 (N.D. Ga. Feb. 18, 2021) ("While it is true that the Court strives to afford younger lawyers an opportunity to appear in court and orally argue motions, balancing that worthy aspiration against the value in appearing only through the pandemic-caused videoconferencing tips the balance in this case towards not holding oral argument.").

testimony (*e.g.*, from AlixPartners, LLP and Nardello & Co.) and records obtained

from third parties such as Binance.US and CoinPayments, Inc.; and

3.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted, this 16th day of March, 2026.

<div style="margin-left:40%;">

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Mary M. Weeks*
Mary M. Weeks
Georgia Bar No. 559181
Derek Centola
Georgia Bar No. 749911
Hannah L. Baskind
Georgia Bar No. 276384
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
T: 404-885-3000
F: 404-885-3900
mary.weeks@troutman.com
derek.centola@troutman.com
hannah.baskind@troutman.com

Patrick Clendenen (admitted *pro hac vice*)
**PRACTUS, LLP**
555 Long Wharf Drive
New Haven, CT 06511
T: 203-212-9046
patrick.clendenen@practus.com

*Counsel for Defendants Tanner S. Adam, Jonathan L. Adam, Triten Financial Group, LLC and GCZ Global LLC and Relief Defendants Ava A. Adam, Garrett L.W. Adam, Robert S. Adam, Carrie L. Adam, Emilio F. Hinojosa, and Virginia I. Hinojosa*

</div>

- 6 -

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D, I certify that the foregoing document was prepared in Times New Roman 14-point font, in compliance with Local Rule 5.1.C.

/s/ Mary M. Weeks
Mary M. Weeks
mary.weeks@troutman.com
Georgia Bar No. 559181

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 16th day of March, 2026.

/s/ Mary M. Weeks
Mary M. Weeks
mary.weeks@troutman.com
Georgia Bar No. 559181