# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

v.

TANNER S. ADAM, JONATHAN L.
ADAM, TRITEN FINANCIAL
GROUP, LLC, GCZ GLOBAL LLC,
AVA A. ADAM, *Relief Defendant*,
GARRET L.W. ADAM, *Relief
Defendant*, ROBERT S. ADAM, *Relief
Defendant*, CARRIE ADAM, *Relief
Defendant*, EMILIO F. HINOJOSA,
*Relief Defendant*, VIRGINIA I.
HINOJOSA, *Relief Defendant*,

     Defendants.

Civil Action No.
1:24-cv-03774-VMC

## ORDER

This matter is before the Court on Defendants' various Motions for Letters

Rogatory. ("Motions," Docs. 55; 59; 60; 61). For the following reasons, the Motions

are denied.

## Background

This action was commenced by Plaintiff, Securities and Exchange

Commission ("Plaintiff") on August 26, 2024, against Defendants Tanner S. Adam,

Jonathan L. Adam, Triten Financial Group, LLC, and GCZ Global, LLC. (*See* Doc.

1). On that same day, Defendants "agreed to the entry of judgments in which they consented, without admitting or denying the allegations of the complaint, to the entry of a judgment against them," and Plaintiff contemporaneously filed a Motion to Approve Consent Judgment. (Docs. 7; 17-1 at 2). The case was then terminated the next day, on August 27, 2024. Then, on March 21, 2025, Plaintiff filed a Motion for Leave to File First Amended Complaint, to add six Relief Defendants to the action. (*See* Doc. 17-1 at 3). The Court granted the motion on April 17, 2025, (*See* Doc. 18), and Plaintiff filed its Amended Complaint that same day. (*See* Doc. 19). Although the Court entered a final judgment as to all Defendants on October 14, 2025, (*See* Doc. 31), that Order was vacated (*See* Doc. 41). Thereafter, Defendants collectively filed the instant Motions along with a request for a hearing on Plaintiff's Motion for Remedies and Default Judgment. (*See* Docs. 50; 55; 59; 60; 61).

## Discussion

Here, though filed as Motions, the purported Motions are only proposed orders. And because the Motions are not proper motions, they fail to explain how the requested documents and information are material or necessary for a potential evidentiary hearing regarding Plaintiff's Motion for Remedies and Default Judgment. Finally, it is the Court's understanding that issuance of letters rogatory

2

could take several months at best, further delaying this case.[1] Accordingly, Defendants should refile their Motions explaining the materiality of the requested documents and information, and why issuance of letters rogatory at the current posture of this case would not lead to an unreasonable delay.[2]

### Conclusion

For the following reasons, Defendants' Motions for Letters Rogatory (Docs. 55; 59; 60; 61) are **DENIED**. It is

**FURTHER ORDERED** that Defendants are **DIRECTED** to re-file their Motions, consistent with this Order, **NO LATER THAN FOURTEEN (14) DAYS** from entry of this Order.

**SO ORDERED** this 27th day of April, 2026.

Victoria Marie Calvert
United States District Judge

---

[1] Plaintiff has also pointed out Defendants' timing in seeking these documents at this juncture. (*See* Doc. 57 at 7, n.2). Although Defendants argue that "the Court authorized discovery without any deadline" and that the third-party subpoenas were sent once "the SEC finally identified the transactions it deemed ill-gotten," Defendants knew that the SEC would be seeking disgorgement when they consented to judgment allowing it. (*See* Doc. 58 at 15, n.14). Therefore, it is unclear why Defendants could not have served the subpoenas earlier.

[2] Relief Defendants should also explain why the Court must be "willing to provide similar assistance to" foreign judicial authorities or reimburse these foreign judicial authorities "for costs incurred in executing" potential letters rogatory.

3