# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>TANNER S. ADAM, *et al.*,<br><br>Defendants, and<br><br>AVA A. ADAM, *et al.*,<br><br>Relief Defendants. | Civil Action No. 1:24-cv-03774-VMC |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY) FOR SERVICE ON PAIDINSANTOSHI INC.**

The United States District Court for the Northern District of Georgia presents its compliments to the **Fourth Chamber of the Supreme Court of Justice of Panama**, and requests international judicial assistance to effect service of process to be used in a civil proceeding before this Court in the above captioned matter.

A hearing on this matter has been requested to take place in Atlanta, Georgia, United States of America. The Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Fourth Chamber of the Supreme Court of Justice of Panama compel **PaidInSantoshi Inc. ("PaidInSantoshi")** to produce documents as laid out below.

Name of Person to be Served: PaidInSantoshi, Inc.

Nationality of Persons to be served: PaidInSantoshi, Inc. is an entity incorporated under the laws of Republic of Panama.

Address of Persons to be Served: **Bloc Office Hub, Fifth Floor, Santa Maria Business District, Panama City, the Republic of Panama**.

This Court is satisfied that the evidence sought is relevant to the claims and defenses in this case. The evidence sought would normally be subject to subpoena by the Defendants pursuant to Federal Rule of Civil Procedure 45, but a subpoena so issued is not effective in the Republic of Panama. Accordingly, the evidence may only be obtained through the intervention of the Fourth Chamber of the Supreme Court of Justice of Panama, and this Court is persuaded that such intervention is in the interest of justice.

**1. Requesting Judicial Authority:**

Honorable Victoria M. Calvert
United States District Court Judge
United States District Court for the Northern District of Georgia, Atlanta Division
United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
Tel. +1 404.215.1610

**2. Names and Addresses of the Parties and Their Representatives**

a. Plaintiff: U.S. Securities and Exchange Commission – ATL
Atlanta Regional Office, Suite 900
950 East Paces Ferry Rd., N.E.
Atlanta, GA 30326-1232, USA

b. Plaintiff's Counsel:
Kristin Wilhelm Murnahan
Madison Graham Loomis
U.S. Securities and Exchange Commission – ATL
Atlanta Regional Office, Suite 900
950 East Paces Ferry Rd., N.E.
Atlanta, GA 30326-1232, USA
Phone: 404-842-7655
Fax: 404-842-7633
Email: murnahank@sec.gov

loomism@sec.gov

c. Defendants

Tanner S. Adam
Jonathan L. Adam
Triten Financial Group, LLC
CGZ Global LLC

d. Relief Defendants

Ava A. Adam
Garrett L.W. Adam
Robert S. Adam
Carrie Adam
Emilio F. Hinojosa
Virginia I. Hinojosa

e. Counsel for Defendants and Relief Defendants

Mary M. Weeks
Hannah Baskind
Derek L. Centola
Troutman Pepper Locke LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308, USA
Phone: 404-885-3000
Email: mary.weeks@troutman.com
hannah.baskind@troutman.com
derek.centola@troutman.com

Patrick T. Clendenen
Practus LLP
555 Long Wharf Drive
New Haven, CT 06511, USA
Phone: 203-212-9046
Email: patrick.clendenen@practus.com

**3. Nature and Purpose of the Proceedings and Summary of the Facts:**

The above captioned matter began when the Securities and Exchange Commission ("SEC") filed a complaint against Tanner S. Adam, Jonathan L. Adam, and their companies Triten Financial Group LLC and GCZ Global LLC (collectively "Defendants"). The SEC alleges that from January 2023 to June 2024, the Defendants raised at least $61.5 million from over 80 investors by purportedly misrepresenting that they were operating an automated crypto lending pool earning high returns. Instead, the Defendants allegedly operated a Ponzi scheme, misappropriating at least $53.9 million for personal expenses like luxury real estate and vehicles. The SEC accuses the Defendants of violating anti-fraud provisions of federal securities laws. The complaint seeks permanent injunctions, disgorgement of ill-gotten gains, civil penalties, and ancillary relief to prevent dissipation of remaining assets. Defendants dispute and contest the amount the SEC seeks in disgorgement, civil penalties, and ancillary relief.

**4. Documentary Evidence to Be Obtained:**

The Court respectfully requests that the Fourth Chamber of the Supreme Court of Justice of Panama issue an order requiring production by PaidInSantoshi, as soon as is reasonably practicable, of the following documents, pursuant to the following definitions and instructions:

**A. Definitions**

1. "PaidInSatoshi", "You" or "Your" means PaidInSantoshi, Inc., its predecessors, successors, parents, subsidiaries, affiliates, divisions, and all of their respective officers, directors, employees, agents, and representatives, including, but not limited to, CoinPayments, Inc., Neutron Ventures Sp. z.o.o., and Centauri Pay LLC or their partners.

2. "User" or "Account Holder" means the individual or entity associated with the accounts identified as: **TYbyMQkQR5QLt9g2vwpYpASFZirUFT9cEy**

3. "Account" means any and all PaidInSatoshi accounts, subaccounts, or wallets associated with the User, including closed, frozen, or suspended accounts.

4. "Documents" and "Electronically Stored Information" (ESI) shall be interpreted to the fullest extent permitted by applicable rules, and include

writings, records, communications, data, and metadata of any kind, however stored or maintained.

5. Relevant Time Period means November 1, 2022 through December 31, 2023 unless otherwise specified.

**B. Instructions**

1. Form of Production - Produce ESI in native format (*e.g.*, .csv, .xlsx, .json, .log) where available, including associated metadata (timestamps, IP addresses, device identifiers, transaction IDs, TX hashes, etc.). For ledgers, logs, and transactional records, produce in a reasonably usable, exportable format (*e.g.*, CSV or Excel).

2. Completeness - Include all responsive documents, whether stored locally, on servers, in the cloud, in backup systems, or with third-party vendors, to the extent under Your possession, custody, or control.

3. Privilege / Objections - If you withhold any document, identify it on a privilege log (date, author, recipients, general subject matter, and the specific privilege or objection asserted).

4. Continuing Obligation – These requests are continuing in nature. If additional responsive documents are located after the initial production, promptly supplement your production.

**C. Documents Requested**

Produce the following documents and ESI relating to the User and Account, for the Relevant Time Period unless otherwise specified:

**REQUEST NO. 1**: Produce all personally identifiable information ("PII") collected for the User's Account, including but not limited to full legal name, aliases, or prior names; email addresses (current and historical); telephone numbers (current and historical); physical and mailing addresses; date of birth; nationality or country of residence; and any other identifiers (e.g., username, handle, referral codes).

**REQUEST NO. 2**: Produce all government-issued identification documents submitted for verification, including but not limited to, passport scans (all pages

provided); driver's license or other government-issued ID scans (front and back); and any additional identity documents (e.g., national ID cards, residence permits).

**REQUEST NO. 3**: Produce all Know Your Customer ("KYC") / anti-money laundering ("AML") onboarding files, including but not limited to, account application forms or online registration data; results of identity verification checks (e.g., third-party KYC/AML services); risk scores, compliance flags, and any enhanced due diligence reports; and/or notes or internal correspondence regarding the KYC review of the User.

**REQUEST NO. 4**: Produce all current and historical account profile information, including but not limited to, profile changes history (names, addresses, emails, phone numbers); security settings (e.g., two-factor authentication configuration, SMS/email alerts); and linked external accounts, wallets, or services.

**REQUEST NO. 5**: Produce a full ledger of all cryptocurrency deposits to and withdrawals from the User's Account, including for each transaction: date and time (with time zone); asset (e.g., Bitcoin ("BTC"), Ethereum ("ETH"), Tether ("USDT"); amount and transaction type (deposit, withdrawal, transfer in/out); source or destination blockchain address(es); transaction hash/ID; any associated internal IDs or references; and status (pending, completed, failed, canceled).

**REQUEST NO. 6**: Produce a full ledger of all fiat currency deposits to and withdrawals from the User's Account, including for each transaction: date and time (with time zone); currency (e.g., U.S. Dollar); amount and transaction type (deposit, withdrawal, transfer); payment method (e.g., bank transfer, debit card, credit card, ACH, wire, other); any reference, memo, or note fields; and status (pending, completed, reversed, chargeback, failed).

**REQUEST NO. 7**: Produce the complete order and trade history for the Account, including for spot, margin (if applicable), peer-to-peer ("P2P"), over-the-counter (OTC), and any other trading functionalities, including for each: order ID; order type (market, limit, stop, etc.); buy/sell designation; trading pair (e.g., BTC/USD, ETH/USDT); price, quantity, and executed quantity; fees, rebates, or commissions charged; date and time of order placement, modification, and execution; and order status (open, partially filled, filled, canceled).

**REQUEST NO. 8**: Produce all peer-to-peer ("P2P") and OTC transaction records, including: counterparty identifiers (user IDs or pseudonyms, if known); payment method used; and any chat or communication logs associated with P2P/OTC trades, if retained.

**REQUEST NO. 9**: Produce all complete access logs for all login attempts and sessions for the Account, including successful and failed attempts, with for each log entry: date and time of access (with time zone); IP address; device identifier(s) (e.g., device ID, MAC address, mobile device information, if available); browser or application information (user agent string); login status (success/failure) and reason for failure (if recorded); and geolocation data or country/region derived from IP, if available.

**REQUEST NO. 10**: Produce any records of password changes, security setting changes, or account recovery events, including date/time; IP address; device or browser information; and/or method of change (email link, SMS code, authenticator app, etc.).

**REQUEST NO. 11**: Produce all records identifying devices approved, registered, or otherwise associated with access to the Account, including device names or labels; device type (e.g., iOS, Android, Windows, MacOS); device identifiers (device ID, serial number, model, if available); dates of registration, modification, or removal; and any notes or comments associated with device approvals.

**REQUEST NO. 12**: Produce all available Fiat Banking and Payment Information, including documents sufficient to identify any bank accounts, payment cards, or other financial instruments used to: deposit fiat currency into the Account, withdraw fiat currency from the Account, and/or purchase cryptocurrency using fiat. Such documents should include, where available: name of financial institution; account holder name; partial account numbers (redacted as necessary for security); card type and last four digits (for card payments); and any records of rejected or failed transactions.

**REQUEST NO. 13**: Produce all internal notes, alerts, or flags associated with the User or Account, including fraud or risk alerts; transaction monitoring alerts; suspicious activity reports ("SAR") or equivalent internal documentation (to the extent not prohibited from disclosure by law).

**REQUEST NO. 14**: Any communications between CoinPayments personnel concerning the User or Account (excluding purely internal legal advice, if privileged).

**5. Request for Notification of Time and Place for the Execution of the Request and Address of Any Person to Be Notified:**

It is requested that PaidInSantoshi be ordered to produce the foregoing documents for inspection and copying to:

Mary M. Weeks
Hannah Baskind
Derek L. Centola
Troutman Pepper Locke LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308, USA
T: 404-885-3000
Email: mary.weeks@troutman.com
hannah.baskind@troutman.com
derek.centola@troutman.com

Patrick T. Clendenen
Practus LLP
555 Long Wharf Drive
New Haven, CT 06511, USA
T: 203-212-9046
Email: patrick.clendenen@practus.com

**6. The Reasonable Fees and Costs Incurred in Responding to this Request Will Be Borne by:**

Mary M. Weeks
Hannah Baskind
Derek L. Centola
Troutman Pepper Locke LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308, USA
T: 404-885-3000

Patrick T. Clendenen
Practus LLP
555 Long Wharf Drive
New Haven, CT 06511, USA
T: 203-212-9046

**7. Reciprocity:**

The United States District Court for the Northern District of Georgia expresses its appreciation to the **Fourth Chamber of the Supreme Court of Justice of Panama** for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of the Republic of Panama in a similar manner when so requested.

Dated: ________________

________________________________
Honorable Victoria M. Calvert
United States District Court Judge
for the Northern District of Georgia

(SEAL OF COURT)