# EXHIBIT E

| **From:** | Robert Rhatigan <robert.rhatigan@practus.com> |
|---|---|
| **Sent:** | Thursday, September 12, 2024 9:16 PM |
| **To:** | Murnahan, Kristin W.; wadleyd@gtlaw.com; McNiven, Carolyn Fitzhugh; Natali, Jessica; Robert Moreiro; Leslie R. Katz |
| **Cc:** | Loomis, Madison G. |
| **Subject:** | RE: SEC v. Adam, et al. 1:24-cv-03774 - Defendants' Obligations under the Freeze Order |

Kristin: Thank you. This is extremely helpful for our purposes.

Regards,

Bobby



**Robert (Bobby) Rhatigan** 🖼️
**Partner**
Practus, LLP
Phone: 703.215.8011
Email: Robert.Rhatigan@practus.com
Website: www.practus.com

**From:** Murnahan, Kristin W.
**Sent:** Thursday, September 12, 2024 12:11 PM
**To:** Robert Rhatigan ; wadleyd@gtlaw.com; McNiven, Carolyn Fitzhugh ; Natali, Jessica ; Robert Moreiro ; Leslie R. Katz
**Cc:** Loomis, Madison G.
**Subject:** RE: SEC v. Adam, et al. 1:24-cv-03774 - Defendants' Obligations under the Freeze Order

Robert,

I will say it again because it appears that you did not understand my last email. No one at the SEC has ever **met or communicated with** Joe Malone.

**Kristin W. Murnahan** ◆ *Senior Trial Counsel*

**U.S. Securities and Exchange Commission**
950 East Paces Ferry Road NE ◆ Suite 900
Atlanta, Georgia 30326-1382
(404) 842-7655 direct ◆ (703) 813-9525 facsimile
murnahank@sec.gov

**From:** Robert Rhatigan <robert.rhatigan@practus.com>
**Sent:** Thursday, September 12, 2024 11:55 AM
**To:** Murnahan, Kristin W. <MurnahanK@SEC.GOV>; wadleyd@gtlaw.com; McNiven, Carolyn Fitzhugh <carolyn.mcniven@faegredrinker.com>; Natali, Jessica <jessica.natali@faegredrinker.com>; Robert Moreiro <robert.moreiro@practus.com>; Leslie R. Katz <leslie.katz@practus.com>
**Cc:** Loomis, Madison G. <LoomisM@sec.gov>
**Subject:** RE: SEC v. Adam, et al. 1:24-cv-03774 - Defendants' Obligations under the Freeze Order

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thanks, Kristin.

While we trust that the true facts and circumstances of what was told directly to Joe Malone during the SEC staff's meeting with him in Austin and what he may have learned indirectly from the staff's statements to other witnesses (and third parties) will eventually become clear. For the present, the bottom line is that he and others reported detailed information that could only have been provided by the SEC (and that they attributed to the SEC), especially during settlement negotiations, hence our concern and respectful request that the SEC NOT share any further information about our clients particularly their home addresses. We appreciate your correspondence below. Thank you for taking this matter seriously.

Regarding GGP, this is correct. The defendants recently requested a return of Tether on multiple occasions beginning in May, but have not received any Tether back from GGP. The relevant GGP-controlled wallet addresses are:

**BWYfaakpoJUsp5zwhuEdPhA2SYVWabTwQTe8fXWXjzze (Solana)**
**TYbyMQkQR5QLt9g2vwpYpASFZirUFT9cEy (Tron)**

These are the payout wallets from which GGP paid the daily rate until the Defendants started the compound in late August 2023. The onboarding wallets were randomly generated and changed every day, so we don't have much information on those. ***We want to be very clear, the defendants do not, and never had, control over these wallets.***

For a period of approximately 8 to 9 months from January 2023 to August 2023 the contractual daily rate was paid out to the defendants in Tether. Post-August 2023, the compound started (i.e., no Tether was withdrawn and instead was kept on the GGP platform so the daily rate would accumulate and then roll over into a new smart contract as principal). During this time period, the defendants believed they accumulated a ledger balance at GGP of approximately $90 million, to be paid in Tether, which is the value that is owed to them by GGP. The difference between the believed ledger balance and the amounts owed to lenders, is the profit the defendants believe they had made.

This turns us back to the Asset Freeze, which states (the same language is in the T. Adam order):

> *The assets of the J. Adam Defendants as set forth herein are hereby frozen. The freeze shall include but not be limited to those funds located in any bank, brokerage firm, financial institution, third-party payment processor, cryptocurrency exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, or cryptocurrencies accounts* of the J. Adam Defendants *as of the date of this Order.* In addition, proceeds derived from the securities offering alleged in the Commission's complaint remaining in the custody or control of any of the J. Adam Defendants are hereby frozen regardless of where said proceeds are located. *This freeze shall also include real property owned by any of the J. Adam Defendants or purchased with proceeds derived from the securities offerings alleged in the Commission's complaint (assets subject this Order, as set forth herein collectively referred to as the "Frozen Assets").*

Based on the plain reading of the Orders, we do not see how the standard you articulated is relevant to the Orders. The Orders are clear that "assets of the J. Adam Defendants" are the assets that are frozen, including proceeds "remaining in the custody or control of any of the J. Adam Defendants". Accordingly, it is unclear to us how the Asset Freeze reaches

assets that are either: *(i) not the assets of the Defendants, or (ii) not in the custody or control of the Defendants*. We do not see the language you articulated anywhere in the Order. This makes sense to us because the Defendants cannot violate the order for actions taken by others that are not within their control – i.e., the actions your team cited last week. This is what we are concerned about.



**Robert (Bobby) Rhatigan**
**Partner**
Practus, LLP
Phone: 703.215.8011
Email: Robert.Rhatigan@practus.com
Website: www.practus.com

**From:** Murnahan, Kristin W. <MurnahanK@SEC.GOV>
**Sent:** Wednesday, September 11, 2024 3:50 PM
**To:** Robert Rhatigan <robert.rhatigan@practus.com>; wadleyd@gtlaw.com; McNiven, Carolyn Fitzhugh <carolyn.mcniven@faegredrinker.com>; Natali, Jessica <jessica.natali@faegredrinker.com>; Robert Moreiro <robert.moreiro@practus.com>; Leslie R. Katz <leslie.katz@practus.com>
**Cc:** Loomis, Madison G. <LoomisM@sec.gov>
**Subject:** RE: SEC v. Adam, et al. 1:24-cv-03774 - Defendants' Obligations under the Freeze Order

Robert,

Thank you complying with the Court orders. Because you have raised this issue several times now, I want to affirmatively state that no one on the SEC staff has ever communicated in any form with Joe Malone, the only individual that has been identified as making threats against your clients. Moreover, no one on the SEC staff has ever disclosed to anyone the location of either individual defendant. As we have previously stated, you should continue working with local authorities regarding any threats made against your clients.

As for your request for further clarification below, if you can identify the wallets controlled by GGP to which defendants directed investor funds, please provide that information. Based on the communications you have sent to the investors, defendants have not been able to withdraw the funds that they believe GGP owes them. If GGP has provided value in return for the investor funds defendants transferred to them, please let us know.

**Kristin W. Murnahan** ⬦ *Senior Trial Counsel*

**U.S. Securities and Exchange Commission**
950 East Paces Ferry Road NE ⬦ Suite 900
Atlanta, Georgia 30326-1382
(404) 842-7655 direct ⬦ (703) 813-9525 facsimile
murnahank@sec.gov

**From:** Robert Rhatigan <robert.rhatigan@practus.com>
**Sent:** Wednesday, September 11, 2024 2:07 PM
**To:** Murnahan, Kristin W. <MurnahanK@SEC.GOV>; wadleyd@gtlaw.com; McNiven, Carolyn Fitzhugh <carolyn.mcniven@faegredrinker.com>; Natali, Jessica <jessica.natali@faegredrinker.com>; Robert Moreiro <robert.moreiro@practus.com>; Leslie R. Katz <leslie.katz@practus.com>
**Cc:** Loomis, Madison G. <LoomisM@sec.gov>
**Subject:** RE: SEC v. Adam, et al. 1:24-cv-03774 - Defendants' Obligations under the Freeze Order

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Kristin:

We need to add one account to the below list, the oversite was on my part. Jonathan Adam's post-freeze crypto exchange account needs to be added to the list. The account is at Zerocap PTY Ltd, with account name "GCZ Global LLC-489c9e"

There have been no transactions through this account to date and it currently has a balance of $155.52. This is the account he will use for any post-freeze activity.



**Robert (Bobby) Rhatigan**
**Partner**
Practus, LLP
Phone: 703.215.8011
Email: Robert.Rhatigan@practus.com
Website: www.practus.com

**From:** Robert Rhatigan <robert.rhatigan@practus.com>
**Sent:** Tuesday, September 10, 2024 2:36 PM
**To:** Murnahan, Kristin W. <MurnahanK@SEC.GOV>; wadleyd@gtlaw.com; McNiven, Carolyn Fitzhugh <carolyn.mcniven@faegredrinker.com>; Natali, Jessica <jessica.natali@faegredrinker.com>; Robert Moreiro <robert.moreiro@practus.com>; Leslie R. Katz <leslie.katz@practus.com>
**Cc:** Loomis, Madison G. <LoomisM@sec.gov>
**Subject:** RE: SEC v. Adam, et al. 1:24-cv-03774 - Defendants' Obligations under the Freeze Order

Counsel:

Please see responses below in red font.



**Robert (Bobby) Rhatigan**
**Partner**
Practus, LLP
Phone: 703.215.8011
Email: Robert.Rhatigan@practus.com
Website: www.practus.com

**From:** Murnahan, Kristin W. <MurnahanK@SEC.GOV>
**Sent:** Tuesday, September 10, 2024 11:29 AM
**To:** Robert Rhatigan <robert.rhatigan@practus.com>; wadleyd@gtlaw.com; McNiven, Carolyn Fitzhugh <carolyn.mcniven@faegredrinker.com>; Natali, Jessica <jessica.natali@faegredrinker.com>; Robert Moreiro <robert.moreiro@practus.com>; Leslie R. Katz <leslie.katz@practus.com>
**Cc:** Loomis, Madison G. <LoomisM@sec.gov>
**Subject:** RE: SEC v. Adam, et al. 1:24-cv-03774 - Defendants' Obligations under the Freeze Order

Counsel,

Paragraph III of the Consent Freeze Order requires the defendants, within 5 days after service of the Order, to provide us with:

(A)    all names by which every person with authority to exercise control over [the Defendants] is known and the nationality of such persons;

Triten Financial Group: control person is Tanner Adam (U.S.A.)

Tanner Adam: he controls himself (U.S.A.)

GCZ Global: control person is Jonathan Adam (U.S.A.)

Jonathan Adam: he controls himself (U.S.A.)

(B)    all business and residence addresses, postal box numbers, telephone numbers, and facsimile numbers, e-mail addresses, safety deposit boxes, and storage facilities used by any of the [Defendants] or by any person under their direct or indirect control, at any time since January 1, 2023 through the present; and

Jonathan Adam Addresses:

219 Kona Dr., Bastrop TX 78602 (until 7/1/23)

518 Bryan St., Angleton TX 77515 (7/1/23 to present)

316 Bryan Way, Angleton, TX 77515 (rented from 7/1/23 to May 2024)

GCZ Global Address: 219 Kona Dr until 7/1/23, then 518 Bryan St. thereafter

J. Adam E-mail addresses:
Jonadamtx@gmail.com
Jonathan@gcz.global
Jonathan@tieredcommunication.com
Jonathan@lodgingsupport.com
Adamj@ysuite.com
Jonathan@tetragon.capital

Tanner Adam/TFG Addresses:

219 Kona Dr., Bastrop, TX 78602 (Jan. 2023 to July 2023)

312 Bryan Way, Angleton, TX 77515 (July 2023 to Sept. 2023)

465 Brickell Ave., Apt. 5305m Miami, FL 33131 (Sept. 2023 to present)

T. Adam E-mail addresses:

Tanner@tritenfinancial.com

tritenprojectreturn@gmail.com

(C) each account with any bank, brokerage firm, financial institution, third-party payment processor, cryptocurrency exchange, or any other holder or custodian of any digital assets, digital currencies, virtual currencies, or cryptocurrencies accounts maintained in any of [the Defendants'] name or held for any of [the Defendants'] direct or indirect beneficial interest from January 1, 2023 through the date of this Order.

Jonathan Adam/GCZ Bank Accounts (as listed in Freeze Order):

| Financial Institution | Account No. | Account Name |
|---|---|---|
| Wells Fargo Bank, N.A. | xxxxx5573 | GCZ Global LLC |
| Wells Fargo Bank, N.A. | xxxxx3372 | GCZ Global LLC |
| Wells Fargo Bank, N.A. | xxxxx4153 | Jonathan & Ava Adam |
| Wells Fargo Bank, N.A. | xxxxx1972 | Jonathan & Ava Adam |
| Wells Fargo Bank, N.A. | xxxxx1925 | Shorestream Limited |
| Wells Fargo Bank, N.A. | xxxxx7183 | GCZ Global LLC |
| JP Morgan Chase Bank, N.A. | xxxxx6082 | Tetragon FLP, LLC |
| Frontier Bank of Texas | xxxxx4256 | Tiered Communication Services |
| Frontier Bank of Texas | xxxxx9317 | GCZ Global LLC |

And new account opened at Texas Dow Employees Credit Union. The account number is 936295450. TDECU, as a credit union, also automatically opened a main share account, which is account number is 936295443.

Wallets under J. Adams/GCZ control:

| Kraken | |
|---|---|
| Eth | 0x6665ea1e277939d3690feef2e36e76d0de24be1f |
| Sol | DKTXuqJb1N72Si5Nch8bdpwpmqMQxcsVL2TpjJTPVECu |
| Bitcoin | 399eQe78Kr4QzszVu4pA5upahyy6vkmn1n |

| | |
|---|---|
| Trx | TF3ZsFSMmdYcaTJH9gCNkzoAYzNUPpJJCQ |
| Coinbase | |
| Eth | 0x9C03a71C00a551ae1cfDd31855D9e685e4Ac0d94 |
| Bitcoin | 38LcRQvv22vkwwZ9DnA7nUjwfviVoqkJQm |
| USDC Eth | 0x87a5414ae88dbE9ff00c0d66785ab659540a35Df |
| USDC Sol | 8b6DcDuXUCtRXfATeUiajLAioXiGoq3X1GjnV6zSYBZZ |
| Private Wallet | |
| Trx | TSanWKrky31WoxmyN8hUqBYeLSFFt5FYai |
| Solana | FX1SREB3e4rhnJ2dqPDA6uy5LCQzdg7rPVQQPGV7NFAN |
| Eth | 0x1aDb69bfF4737aF3Ce1B6Cd078D920b4975a89FD |
| Trx | TULHmpd9jWqH6kQZB33BqcCoDNYsJGgit6 |
| Trx | TFWXYJqpeDzGhMdJr8SDE2z4FQ5KBKb1fG |
| Solana | GTnG2e8WsgsRRtanENDSi289dMm2Qpk83U5c5Wd3aPka |

Tanner Adam Bank Accounts and Wallets:

As listed in Freeze Order.

| Financial Institution | Account No. | Account Name |
|---|---|---|
| First Carolina Bank | xxxxx2773 | Triten Financial Group, LLC |
| First Carolina Bank | xxxxx2906 | Triten Financial Group, LLC |

7

| First Carolina Bank | xxxxx2964 | Triten Financial Group, LLC |
| First Carolina Bank | xxxxx2767 | Tanner Scott Adam |
| JP Morgan Chase Bank, N.A. | xxxxx7767 | Triten Financial Group, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx7451 | Triten Financial Group, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx8689 | Triten Financial Group, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx0919 | Triten Financial Group, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx8912 | Triten Financial Group, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx7002 | Triten Financial Group, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx3016 | Tanner Adam |
| JP Morgan Chase Bank, N.A. | xxxxx7478 | Tanner Adam |
| JP Morgan Chase Bank, N.A. | xxxxx7486 | Tanner Adam |
| JP Morgan Chase | xxxxx2480 | Tanner Adam |

8

| | | |
|---|---|---|
| Bank, N.A. | | |
| Comerica Bank | xxxxx8368 | Triten Financial Group, LLC |
| Comerica Bank | xxxxx9216 | Triten Financial Group, LLC |
| Chicago Title Insurance Company | xxxxx5027 | Escrow Account for Unit No UPH1, 444 Brickell One Condominium |

| Crypto Exchange | Type | Account |
|---|---|---|
| Kraken | | AA90N84GOA46LPGI |
| Kracken | Blockchain Platform | H8RqzXoWjVCBUQDeBiMsdWG4MCDBWrCBXVF2MqYU7v3N |
| Kracken | Blockchain Platform | TBK1UXX6NwEesfAZAwNanxTuTU7D94QnEi |
| Kracken | Bitcoin | 3Fqp6WT7GwFzGbXgcTgH3Gf1B4KHSvExVX |
| Kracken | Bank | 53112408\|1004002906 |
| Kracken | Ether Contract | 0x5117f86ca54b79460fc9b2fbb5abb1c7ccfceeae |
| Kracken | Blockchain Platform | 6m1o3Qt9PsfKmNcqnsuwuKKiSTNVdwYiHXuVH1CqnaPk |
| Kracken | Ether Contract | 0xedf764f26e8d37775999ef0d7b72c6abcac7aeb1 |
| Kracken | Blockchain Platform | 4qciHT4QmPYoMTjLcGzas9rv6pyN47Xq2BUTqUNPrdp9 |
| Kracken | Bank | 053112408\|1004002906 |

And new account at Woodforest National Bank – account # DDA1506816774 opened on 8/5/24

As stated in my earlier email, the order was served on you via email on August 26, 2024, which means the required information was due on September 3rd. No defendant has provided this information to us. If we have not received this information by September 13, we will evaluate whether to seek assistance from the Court to remedy your clients' violation of this agreed upon obligation. In this regard, be advised that simply claiming the information was independently obtained by us during the investigation does not comply with this provision of the order, as the order imposes an affirmative obligation on defendants to provide the information. See above.

Additionally, you previously indicated in emails sent on August 23rd that your clients have opened post freeze accounts. Paragraph I of the freeze order requires your clients to provide account statements for the post-freeze accounts, with 2 business days of receipt, regardless of whether any transactions have occurred in those accounts or the account has subsequently been closed. We have not received any account statements from the accounts you previously identified to us. J. Adam has not received any account statements since the date of the order for the Post-Freeze Account established at Chase. The last statement from Chase was received before the date of the Order, on August 16. (see attached) Prior

to today, Tanner Adam had not received any account statements from Woodforest National Bank since the date of the Order. His mailing address is currently the Miami address, **but he has been in Angleton, TX since he started receiving multiple threats on his life from your witnesses**, and has not been able to check if a hard copy was sent until today. He went to the local branch today and was able to take a picture of the statement (see attached). Note that he is attempting to gain online access to the account to receive electronic copies going forward. There have been no transactions through this account. ***Again, we expect your office (especially your investigator who speaks with witnesses in the Atlanta and Austin areas) to please refrain from discussing the whereabouts of the defendants with any witnesses.***

Lastly, paragraph VI of the order requires Defendants, within 3 business days of the entry of the order, to repatriate any assets transferred out of the frozen accounts after July 3, 2024. The account statement attached to your email reflects several withdrawals as well as a check for $38,324. Has any money withdrawn from the frozen accounts since July 3, 2024 been repatriated? The $38,324 check was for the house located at 715 S Walker, which is currently subject to the Asset Freeze. We also note that app. $56,000 has recently been returned to the account. We will confirm with the defendant whether he still has control over any of the funds withdrawn during that time and whether they can be repatriated (if they have not already been repatriated).

In response to your request for clarification of the wallets that should be included in the freeze order in your prior email, our position is that the freeze includes both wallets that are under the control of defendants and wallets that received investor assets. The latter might be excluded if we receive sufficient evidence that (a) a third party, truly independent of defendants, owns the wallet and (b) provided legitimate services in return for the investor assets. **We assume this acknowledges the amounts sent to the GGP lending pool wallets? Please confirm.**

Finally, if the Practus law firm is representing GCZ and Jonathan Adam in this litigation, please state that clearly because Practus is not counsel of record for those defendants in this case. We represent both defendants. Greenberg Traurig is counsel of record for J. Adam and GCZ as well.

**Kristin W. Murnahan** ⬥ *Senior Trial Counsel*

**U.S. Securities and Exchange Commission**
950 East Paces Ferry Road NE ⬥ Suite 900
Atlanta, Georgia 30326-1382
(404) 842-7655 direct ⬥ (703) 813-9525 facsimile
murnahank@sec.gov

---

**From:** Robert Rhatigan <robert.rhatigan@practus.com>
**Sent:** Monday, September 9, 2024 9:04 PM
**To:** Murnahan, Kristin W. <MurnahanK@SEC.GOV>; wadleyd@gtlaw.com; McNiven, Carolyn Fitzhugh <carolyn.mcniven@faegredrinker.com>; Natali, Jessica <jessica.natali@faegredrinker.com>; Robert Moreiro <robert.moreiro@practus.com>; Leslie R. Katz <leslie.katz@practus.com>
**Cc:** Loomis, Madison G. <LoomisM@sec.gov>
**Subject:** RE: SEC v. Adam, et al. 1:24-cv-03774 - Defendants' Obligations under the Freeze Order

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Counsel,

Attached please find a statement from Jonathan Adam regarding the wire to the Wells Fargo account ending in 1972, which was previously disclosed to you a few days ago. Also attached please find the August statement for the same Wells Fargo account.

Defendant Tanner Adam has not had any transfers into any Post-Freeze accounts so there is nothing to disclose.

Regarding Paragraph III, you have all of that information already. There is nothing additional to disclose. Please let us know if there are any magic words we should use to fulfill that condition.

Regards,



**Robert (Bobby) Rhatigan**
**Partner**
Practus, LLP
Phone: 703.215.8011
Email: Robert.Rhatigan@practus.com
Website: www.practus.com

**From:** Murnahan, Kristin W. <MurnahanK@SEC.GOV>
**Sent:** Monday, September 9, 2024 4:47 PM
**To:** wadleyd@gtlaw.com; Robert Rhatigan <robert.rhatigan@practus.com>; McNiven, Carolyn Fitzhugh <carolyn.mcniven@faegredrinker.com>; Natali, Jessica <jessica.natali@faegredrinker.com>; Robert Moreiro <robert.moreiro@practus.com>
**Cc:** Loomis, Madison G. <LoomisM@sec.gov>
**Subject:** SEC v. Adam, et al. 1:24-cv-03774 - Defendants' Obligations under the Freeze Order

Counsel,

The consent asset freeze orders set deadlines for your clients to provide us with certain information. Specifically, Paragraph III of the freeze orders requires Defendants to provide certain information within 5 business days of service of the order. Included in the information to be provided is every account maintained in defendants' name or held for defendants' direct or indirect beneficial interest from January 1, 2023 through the date of the order. The order was served on you via email on August 26, 2024, which means the required information was due on September 3rd. Please comply with the terms of the order no later than September 13, 2024.

Additionally, Paragraph I.A. requires Defendants to email us their account statements from any post-freeze accounts within two business days after receipt and to email us within 5 business days of each month end a statement under oath providing specific information about any deposits made into any post-freeze accounts. Given that last Monday was a holiday, the sworn statements are due no later than today.

**Kristin W. Murnahan** ◆ *Senior Trial Counsel*

**U.S. Securities and Exchange Commission**
950 East Paces Ferry Road NE ◆ Suite 900
Atlanta, Georgia 30326-1382
(404) 842-7655 direct ◆ (703) 813-9525 facsimile
murnahank@sec.gov