IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> TANNER S. ADAM, JONATHAN L. ADAM, TRITEN FINANCIAL GROUP, LLC, GCZ GLOBAL LLC, AVA A. ADAM, *Relief Defendant*, GARRET L.W. ADAM, *Relief Defendant*, ROBERT S. ADAM, *Relief Defendant*, CARRIE ADAM, *Relief Defendant*, EMILIO F. HINOJOSA, *Relief Defendant*, VIRGINIA I. HINOJOSA, *Relief Defendant*, <br><br> Defendants. | Civil Action No. 1:24-cv-03774-VMC |

**ORDER**

This matter is before the Court on Defendants' renewed Motion for the Issuance of Letters Rogatory. ("Motion," Doc. 63). For the following reasons, the Motion is granted.

**Background**

This action was commenced by Plaintiff, Securities and Exchange Commission ("Plaintiff") on August 26, 2024, against Defendants Tanner S. Adam, Jonathan L. Adam, Triten Financial Group, LLC, and GCZ Global, LLC. (*See* Doc.

1). On that same day, these Defendants "agreed to the entry of judgments in which they consented, without admitting or denying the allegations of the complaint, to the entry of a judgment against them," and Plaintiff contemporaneously filed a Motion to Approve Consent Judgment. (Docs. 7; 17-1 at 2). The case was then terminated the next day, on August 27, 2024.

Then, on March 21, 2025, Plaintiff filed a Motion for Leave to File First Amended Complaint, to add six Relief Defendants to the action. (*See* Doc. 17-1 at 3). The Court granted the motion on April 17, 2025, (*See* Doc. 18), and Plaintiff filed its Amended Complaint that same day. (*See* Doc. 19). With no responsive filings from the Relief Defendants, Plaintiff then filed an Application for Entry of Default Against the Relief Defendants on September 26, 2025. (*See* Doc. 28). After the Clerk's entry of default, Plaintiff filed its Motion for Remedies and Default Judgment on October 1, 2025, but on that same day, an administrative order stayed this case for lapse in appropriations. (*See* Docs. 29; 30). Despite the stay, the Court entered a final judgment as to the Relief Defendants on October 14, 2025 (*See* Doc. 31), but that Order was later vacated (*See* Doc. 41).

Thereafter, Defendants collectively filed four purported motions for issuance of letters rogatory along with a request for a hearing on Plaintiff's Motion

2

for Remedies and Default Judgment. (*See* Docs. 50; 55; 59; 60; 61).[1] Then on April 27, 2026, the Court denied all four motions, and directed Defendants to re-file their motions, consistent with that Order, no later than fourteen days from entry of that Order. (Doc. 62 at 3). On May 11, 2026, Defendants timely re-filed their motions as a consolidated Motion for the Issuance of Letters Rogatory, addressing the Court's concerns explained in its April 27, 2026, Order. Plaintiff filed no response in opposition.

## Discussion

"Letters rogatory are the means by which a court in one country requests a court of another country to assist in the production of evidence located in the foreign country." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273 (2015). These letters come in the form of a request for a foreign court to perform some judicial act, such as "the taking of evidence; the serving of a summons, subpoena, or other legal notice; or the execution of a civil judgment." 23 Am. Jur. 2d Depositions and Discovery § 15. Federal courts have the "authority to issue letters rogatory in civil and criminal cases." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d at 1273. "The decision whether to issue letters rogatory lies within the discretion of the district court." *Id.* However, when a request to issue letters

---

[1] The Court refers to the Initial Defendants and Relief Defendants collectively as "Defendants".

rogatory is "overly broad or unlikely to lead to the discovery of relevant evidence, district courts retain the discretion to refuse to issue them." *Id*; *see also* 8 Charles Alan Wright, et al., Federal Practice and Procedure § 2005.1 at 70 (3d ed. 2010) (district court should issue letters rogatory "whenever it is determined on a case-by-case basis that their use will facilitate discovery.").

Here, upon consideration of the unopposed Motion, the Court grants the Motion, finding that Defendants' request for issuance letters rogatory is not overly broad and likely to lead to the discovery of relevant evidence because the requested documents may assist in determining "the proper measure of net profits . . . classify[ing] transactions and legitimate expenses . . . [determining] scienter and the appropriate tier of civil penalties . . . [and] tracing Relief Defendants' [a]ssets," which are all topics relevant to this enforcement action. (Doc. 63 at 11–14). Additionally, it appears that without judicial assistance, Defendants will be unable to obtain the requested information by other means. (*See id.* at 6–8) (describing prior attempts to obtain the requested documents).

## Conclusion

For the foregoing reasons, Defendants' Motion for the Issuance of Letters Rogatory (Doc. 63) is **GRANTED**. The signed and sealed Letters Rogatory are attached to this Order as Exhibits A-D. Defendants' counsel is **DIRECTED** to pick up the original signed and sealed Letters from the Clerk's Office. It is

4

**ORDERED** that Defendants shall sign a receipt indicating that they have received the signed Letters from the Clerk's Office. It is

**FURTHER ORDERED** that within **SIXTY (60) DAYS** from entry of this Order, Defendants shall file a status report indicating the status of each Letter. It is

**FURTHER ORDERED** that the Court defers ruling on Defendants' Motion for Hearing on Plaintiff's Motion for Remedies and Default Judgment (Doc. 50) pending Defendants' status report.

**SO ORDERED** this 30th day of June, 2026.

_____
Victoria Marie Calvert
United States District Judge