**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>TANNER S. ADAM, *et al.*,<br><br>Defendants, and<br><br>AVA A. ADAM, *et al.*,<br><br>Relief Defendants. | Civil Action No. 1:24-cv-03774-VMC |

**DEFENDANTS' RESPONSE TO SEC'S RESPONSE TO COURT'S AUGUST 31, 2026 ORDER**

Defendants Tanner S. Adam, Jonathan L. Adam, Triten Financial Group, LLC, and GCZ Global LLC, and Relief Defendants Ava A. Adam, Garrett L.W. Adam, Robert S. Adam, Carrie L. Adam, Emilio F. Hinojosa, and Virginia I. Hinojosa (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this Response to Plaintiff Securities and Exchange Commission's (the "SEC") Response to this Court's August 31, 2026 Order, ECF No. 68.

## INTRODUCTION

The SEC's "Response" to the Court's August 31, 2026 Order is, in reality, an untimely motion to reconsider the Court's grant of Defendants' Motion for Letters Rogatory—filed 66 days after entry of the Court's June 30, 2026 Order granting Defendants such relief. That is ***more than twice*** the 28-day window for motions for reconsideration prescribed by Local Rule 7.2(E) of the Northern District of Georgia. The SEC's delay is befuddling, given that it previously chose to file ***no response*** to Defendants' May 11 Letters Rogatory Motion within the 14-day period provided by Local Rule 7.1, effectively waiving any opposition to Defendants' position. The SEC thereby forfeited its opportunity to oppose Defendants' request for discovery through official diplomatic channels—a process this Court has already acknowledged could take several months. *See* ECF No. 62 at 2–3. Now, the SEC attempts to take a belated second bite at the apple by requesting this Court curtail an already ongoing international discovery process. The SEC's filing is procedurally deficient, fails to identify any recognized ground for reconsideration, and amounts to nothing more than an attempt to relitigate issues the Court has already determined. The SEC's attempt to dictate to the Court how it should administer its own docket and discovery in this case should be dismissed as out of hand.

## FACTUAL BACKGROUND

From the outset, this Court has recognized that Defendants are entitled to discovery from "appropriate non-parties." ECF No. 9 (Consent Judgment as to Defendant Jonathan L. Adam) at 6 ("In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.").

In March, Defendants properly filed notices of subpoena to non-parties Binance and CoinPayments concurrently with their opposition to the SEC's Motion for Remedies (the "Remedies Motion") as well as Defendants' Motion for Hearing (the "Hearing Motion"). *See* ECF Nos. 48, 49 & 51.

In its response to the Hearing Motion, the SEC claimed that Defendants had improperly waited to subpoena the third-party crypto exchanges as well as argued that "evidence produced in response to those subpoenas will not be relevant to resolving the Commission's motion for remedies and default judgments." ECF No. 57 at 7 n.2.

In response to the accusation of seeking discovery for purposes of delay, Defendants clarified that they issued subpoenas directly after the SEC identified the transactions it deemed "ill-gotten." That identification came more than a year after the SEC filed its Complaint, finally disclosing its flawed disgorgement figure. ECF No. 58 (Reply ISO Hearing Motion) at 15 n.14. Critically, at no point did the Court

deny the Defendants' attempt to subpoena relevant records from the third-party crypto exchanges.

Following attempts at serving the subpoenas on the third-party crypto exchanges, Defendants identified that discovery from those entities would require the Court's assistance through the Letters Rogatory process. Defendants first filed four motions for Letters Rogatory on April 23 (the "April 23 Letters Rogatory Motions"). *See* ECF Nos. 55, 59–61. The SEC filed no opposition to those filings.

On April 27, the Court issued an order denying the April 23 Letters Rogatory Motions (the "April 27 Order"). ECF No. 62. In the April 27 Order, the Court stated that "it is the Court's understanding that issuance of Letters Rogatory could take several months at best, further delaying the case." *Id.* at 2–3. Despite this denial, the Court provided the Defendants with fourteen (14) days to refile their motion for Letters Rogatory. *See id.* On May 11, 2026, Defendants timely filed a renewed Motion for the Issuance of Letters Rogatory and Memorandum of Law in Support (the "May 11 Letters Rogatory Motion"). ECF No. 63. In the May 11 Letters Rogatory Motion, Defendants spent over 25 pages outlining the materiality of the requested records, their diligence in attempting to obtain those records, the lack of unreasonable delay, and the comity and reciprocity considerations implicated by the Letters Rogatory. *See id*.

Despite having the opportunity to do so by May 25, 2026—14 days from the date of Defendants' filing the May 11 Letters Rogatory Motion per Local Rule 7.1 of the Northern District of Georgia—the SEC filed ***no response*** to the May 11, 2026 Letters Rogatory Motion, effectively waiving any argument against Defendants' position.

On June 30, 2026—***50 days later***—the Court, upon consideration of the May 11 Letters Rogatory Motion, granted Defendants the relief sought and issued four original Letters Rogatory (the "June 30, 2026 Order"). ECF No. 64. In so doing, the Court noted that "***Plaintiff filed no response in opposition***." *Id.* at 3 (emphasis added). The Court also explained that "[t]he decision to issue letters rogatory lies within the discretion of the district court" and "when a request to issue letters rogatory is 'overly broad or unlikely to lead to the discovery of relevant evidence, district courts retain the discretion to refuse to issue them.'" *Id.* at 3–4. (internal citations and quotation marks omitted). Despite acknowledging its own inherent power to "refuse to issue them[,]" the Court granted the May 11 Letters Rogatory Motion:

> [F]inding that Defendants' request for issuance letters rogatory is not overly broad and likely to lead to the discovery of relevant evidence because the requested documents may assist in determining "the proper measure of net profits . . . classify[ing] transactions and legitimate expenses . . . [determining] scienter and the appropriate tier of civil penalties . . . [and] tracing Relief Defendants' [a]ssets," which are all topics relevant to this enforcement action.

*Id.* at 4 (quoting May 11 Letters Rogatory Motion at 11–14). The Court also recognized that "***without judicial assistance, Defendants will be unable to obtain the requested information by other means***." *Id.* (citing May 11 Letters Rogatory Mot. at 6–8) (emphasis added).

Following the Court's grant of the May 11 Letters Rogatory Motion, Defendants endeavored to have the Letters Rogatory issued through the proper diplomatic channels. *See* ECF No. 66 (Defendants' Status Report Regarding Letters Rogatory filed on Aug. 28, 2026 (the "August 28 Status Report")).

On August 31, 2026, following Defendants' filing of the August 28 Status Report, the Court issued an Order (the "August 31 Order") establishing a method of monitoring the Letters Rogatory and discovery process in an effort to manage its docket; specifically, the August 31 Order instructed Defendants to file another status report within ninety (90) days from the date of the August 31 Order providing an additional update on the status of the Letters Rogatory. ECF No. 67. Notably, the Court apparently took no issue with the progress of Defendants' efforts to date.

On September 4, 2026, the SEC filed its "Response" to the Court's August 31 Order, the subject of this Response. *See* ECF No. 68. In its Response, the SEC requested that no further extension of time be granted to Defendants following the ninety (90) day status report deadline imposed by the August 31 Order and that, at the expiration of the current deadline, the Remedies Motion be submitted to the

Court for ruling or a hearing be set. *Id.* at 1–2. Such suggestion that a hearing be set is an implicit concession that Defendants' Hearing Motion should be granted.[1]

In the Response, the SEC conflated two distinct deadlines: the Court's November 30, 2026 deadline for Defendants' next status report and the filing date of the SEC's Remedies Motion. *Id.* at 2. These deadlines serve different purposes and are unrelated. Nevertheless, the SEC suggested that because more than a year will have passed since the filing of the Remedies Motion—coupled with its accusation that Defendants did not attempt third-party discovery until March 16—any additional extension of time would be improper. *Id.*[2] The SEC further noted that any such extension would be improper "particularly given that it is unclear

[1] Indeed, as the Court acknowledged in its June 30, 2026 Order, Defendants' request for the issuance for Letters Rogatory was likely to lead to the discovery of relevant evidence because the requested documents may assist the Court in determining the proper measure of net profits, classifying transactions and legitimate expenses, determining scienter and the appropriate tier of civil penalties, and tracing Relief Defendants' assets. *See* ECF No. 64 at 4. These are precisely the same topics that Defendants requested the Court address by way of hearing in their Motion for Hearing. *See* ECF No. 50 at 4 (requesting Court hold hearing to consider appropriate remedies, including considerations of evidence to be obtained from nonparties Binance and CoinPayments).

[2] As previously stated, Defendants' Motion for Letters Rogatory was not dilatory in the least. In its May 11, 2026 Motion, Defendants detailed the nearly fourteen months transpiring between the SEC's filing of the Complaint and Remedies Motion. ECF No. 63 at 5–6. Defendants' discovery requests (first as subpoenas, then Letters Rogatory) could only have occurred after the SEC's filing of its Remedies Motion wherein the SEC—for the first time—disclosed what transactions it deemed "ill-gotten." Such actions are consistent with a pattern of diligence—not delay.

whether any evidence from the Letters Rogatory will be forthcoming." *Id.* But the SEC's submission offers only sheer speculation as to whether the Letters Rogatory process will yield discovery. *See id.* (noting it is "unclear" whether "any evidence from the letters rogatory will be forthcoming"). It entirely—and improperly—disregards the Court's prior acknowledgment that international discovery through diplomatic channels is inherently time-consuming. *See* April 27, 2026 Order, ECF No. 62, at 2–3. Finally, the SEC's submission also ignores the Court's recognition that Defendants are entitled to this discovery prior to any hearing on the Remedies Motion. *See id*. On these grounds, the SEC's Response should be disregarded.

## ARGUMENT

The SEC's Response to the Court's August 31 Order is, in substance, an untimely and procedurally deficient motion for reconsideration of the Court's June 30, 2026 Order granting Defendants' Motion for the Issuance of Letters Rogatory. As set forth below, the SEC's filing was made well outside the time permitted for motions for reconsideration. Moreover, the SEC failed to identify any recognized ground for reconsideration. The arguments the SEC now raises were available to it—and expressly waived—when the SEC chose not to oppose Defendants' May 11 Letters Rogatory Motion. The SEC's attempt to relitigate issues already decided and to dictate to the Court how it should manage its own docket should be rejected.

## I. The SEC's Filing Is an Untimely Motion for Reconsideration That Should Be Denied on Procedural Grounds.

The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Pursuant to Local Rule 7.2(E) of the Northern District of Georgia, "[m]otions for reconsideration shall not be filed as a matter of routine practice." However, "[w]henever a party or attorney for a party believes it is ***absolutely necessary*** to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within twenty-eight (28) days after entry of the order or judgment." L.R. 7.2(E), N.D. Ga. (emphasis added).

Here, the SEC's September 4, 2026 filing inexplicably came in a full 66 days after the Court entered the June 30, 2026 Order—***more than double*** the 28-day window prescribed by Local Rule 7.2(E). The SEC neither sought leave to file its motion for reconsideration past the time period allowed, nor did it offer any justification for the delay. Moreover, the SEC had a prior opportunity to oppose the May 11 Letters Rogatory Motion within the 14-day response window under Local Rule 7.1 but filed ***no response***, effectively waiving any challenge to the relief Defendants sought and this Court granted. *See* ECF No. 64 at 3 ("***Plaintiff filed no response in opposition***.") (emphasis added). The SEC's filing is untimely on its face and should be denied on this procedural basis alone.

## II. Even if Timely, the SEC Has Not Satisfied Any Recognized Ground for Reconsideration.

Even setting aside the timeliness defect, the SEC's filing fails on the merits. "A party may move for reconsideration only when at least one of the following three elements exists: (1) the discovery of new evidence; (2) an intervening development or change in the controlling law; or (3) the need to correct a clear error or manifest injustice." *Pediatric Med. Devices, Inc. v. Indiana Mills & Mfg., Inc.*, 961 F. Supp. 2d 1241, 1243 (N.D. Ga. 2013) (internal citation omitted). The SEC has not established any of these grounds.

*First*, the SEC identifies no newly-discovered evidence. Its arguments—that the Remedies Motion has been pending for an extended period and that it is "unclear whether any evidence from the letters rogatory will be forthcoming[,]" ECF No. 68 at 2—are the same contentions that were available to the SEC at the time the May 11 Letters Rogatory Motion was filed and which the SEC chose not to raise.

*Second*, the SEC identifies no intervening development or change in controlling law that would warrant reconsideration of the June 30, 2026 Order.

*Third*, there is no clear error or manifest injustice to correct. To the contrary, the Court exercised its well-recognized discretion to issue Letters Rogatory after making express findings that "Defendants' request for issuance Letters Rogatory is not overly broad and likely to lead to the discovery of relevant evidence" and that "without judicial assistance, Defendants will be unable to obtain the requested

information by other means." ECF No. 64 at 4. The Court's thorough and well-reasoned analysis of the Letters Rogatory factors demonstrates the absence of any clear error, let alone manifest injustice. *See Turk v. Morris, Manning & Martin, LLP*, 661 F. Supp. 3d 1276, 1289 (N.D. Ga. 2023) (asserted factual differences between precedent relied on by district court in dismissing claims and instant facts did not warrant reconsideration).

Moreover, the SEC "filed no response in opposition" to Defendants' May 11, 2026 Letters Rogatory Motion. ECF No. 64 at 3. A motion for reconsideration cannot be used to make "new arguments that were previously available, but not pressed." *Lopez v. City of W. Miami*, 662 F. App'x 733, 738 (11th Cir. 2016) (internal citation and quotation marks omitted). In demonstrating clear error or manifest injustice, "any arguments the movant failed to raise in the earlier motion will be deemed waived." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292 (S.D. Fla. 2012) (internal citation and quotation marks omitted); *see also Colomar v. Mercy Hospital, Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) ("to the extent Plaintiff . . . tries to raise new arguments and point to new evidence that could have been raised earlier, this is insufficient grounds to satisfy the clear error or manifest injustice standard for granting a motion for reconsideration") (internal citations omitted).

Having failed to meet any of the grounds for reconsideration, the SEC's Response should be denied.

### III. The SEC Impermissibly Seeks to Relitigate Issues Already Decided and to Raise Arguments It Previously Waived.

A motion for reconsideration may not be used to "introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (internal citations omitted). Nor should such a motion be used "to relitigate issues already decided or as a substitute for appeal." *In re Hollowell*, 242 B.R. 541, 542–43 (Bankr. N.D. Ga. 1999) (internal citations omitted); *see also Godby v. Electrolux Corp.*, No. 1:93-cv-0353, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994) ("A motion for reconsideration should not be used to reiterate arguments that have previously been made . . . . [It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through—rightly or wrongly.") (internal citations omitted).

That is precisely what the SEC seeks to do here. The SEC's core contention is that the discovery authorized by the June 30, 2026 Order is unlikely to yield useful evidence and that further delay is unwarranted. But this is nothing more than a repackaging of the same relevance and timeliness arguments that were available to the SEC before the Court ruled. The Court already considered and rejected these concerns when it found the requested discovery relevant to determining "the proper

measure of net profits . . . classify[ing] transactions and legitimate expenses . . . [determining] scienter and the appropriate tier of civil penalties . . . [and] tracing Relief Defendants' [a]ssets[.]" ECF No. 64 at 4. The Court also acknowledged in its earlier April 27 Order that "issuance of letters rogatory could take several months at best, further delaying the case[.]" ECF No. 62 at 2-3. The Court granted the Letters Rogatory nonetheless.

The SEC is asking the Court to "rethink what the Court [has] already thought through," which is precisely the type of relitigation that reconsideration is not designed to permit. *See Godby*, 1994 WL 470220, at *1 (internal citations omitted); *see also United States ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1378 (N.D. Ga. 2010) (university's mere disagreement with court's prior decision did not warrant reconsideration). Indeed, the SEC's own request that a hearing be set on the Remedies Motion amounts to an implicit concession that Defendants' Hearing Motion should be granted—further undermining the SEC's position that the proceedings should be accelerated over Defendants' objection.

## IV. Granting the SEC's Request Would Undermine the Court's Discretion to Manage Its Docket and the Ongoing Diplomatic Discovery Process.

Finally, a motion for reconsideration is "not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pediatric Med. Devices*, 961 F. Supp. 2d at 1243 (internal citations omitted);

*see also Monroe Cty. Emps.' Ret. Sys. v. S. Co.*, 333 F. Supp. 3d 1315, 1321 (N.D. Ga. 2018). Yet, that is exactly what the SEC attempts here.

The August 31 Order established a method of monitoring the Letters Rogatory and discovery process in an effort to manage its docket, directing Defendants to file periodic status reports on the progress of the Letters Rogatory. ECF No. 67. The Court seemingly took no issue with the progress of Defendants' efforts. *See generally id*. The SEC's request to impose a hard deadline and foreclose any further extensions would effectively override the Court's own docket-management determination and short-circuit an international diplomatic process that the Court itself found necessary and appropriate. To interrupt the Letters Rogatory process or seek to curtail it simply because the Remedies Motion has been pending would undercut the Court's inherent authority to manage discovery and to act within its discretion in authorizing the pursuit of international judicial assistance. *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273 (11th Cir. 2015) ("The decision whether to issue letters rogatory lies within the discretion of the district court and is reviewed for an abuse of that discretion.") (internal citations omitted); *Kelsey v. Withers*, 718 F. App'x 817, 820 (11th Cir. 2017) ("District courts have unquestionable authority to control their own dockets, including broad discretion in deciding how best to manage the cases before them.") (internal citation and

quotation marks omitted). The SEC cannot be permitted to dictate to the Court how it should administer its own docket and discovery in this case.

Moreover, granting the SEC's request would cause significant prejudice to Defendants. The Court has already found that the discovery Defendants seek through the Letters Rogatory is relevant to determining disgorgement, classifying transactions and expenses, assessing scienter, and tracing Relief Defendants' assets. ECF No. 64 at 4. It also has found that Defendants cannot obtain this information "without judicial assistance[.]" *Id*. Curtailing the Letters Rogatory process would deprive Defendants of discovery this Court already has deemed both relevant and necessary, foreclosing Defendants' only viable path to obtaining critical evidence before the Court rules on the Remedies Motion.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court: (1) deny the SEC's "Response" as an untimely and procedurally deficient motion for reconsideration; (2) maintain the ninety (90) day status report schedule established by the August 31 Order; and (3) continue to authorize Defendants to complete the previously authorized diplomatic process through the Letters Rogatory.

Respectfully submitted, this 16th day of September, 2026.

*/s/ Mary M. Weeks*
Mary M. Weeks
Georgia Bar No. 559181
Derek Centola
Georgia Bar No. 749911
Hannah L. Baskind
Georgia Bar No. 276384
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
T: 404-885-3000
F: 404-885-3900
mary.weeks@troutman.com
derek.centola@troutman.com
hannah.baskind@troutman.com

*Patrick Clendenen*
(admitted pro hac vice)
PRACTUS, LLP
555 Long Wharf Drive
New Haven, CT 06511
T: 203-212-9046
patrick.clendenen@practus.com

*Counsel for Defendants and Relief Defendants*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Northern District of Georgia Civil Local Rule 7.1.D, I certify that the foregoing document was prepared in Times New Roman 14-point font, in compliance with Local Rule 5.1.C.

*/s/ Mary M. Weeks*
Mary M. Weeks

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

*/s/ Mary M. Weeks*
Mary M. Weeks