**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TANNER S. ADAM, JONATHAN L. ADAM, TRITEN FINANCIAL GROUP, LLC, and GCZ GLOBAL LLC,**<br><br>**Defendants, and**<br><br>**AVA A. ADAM, GARRETT L.W. ADAM, ROBERT S. ADAM, CARRIE L. ADAM, EMILIO F. HINOJOSA, AND VIRGINIA I. HINOJOSA,**<br><br>**Relief Defendants.** | **Civil Action File No. 1:24-cv-03774-VMC** |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO THE COURT'S AUGUST 31, 2026 ORDER**

Plaintiff Securities and Exchange Commission (the "Commission") submits this Reply to Defendants' Response to the Court's Status Order only to address the baseless characterization that the Commission is attempting to circumvent the Federal Rules of Civil Procedure to set aside the Court's previous order issuing letters rogatory. Defendants mischaracterize the Commission's filing as an

"untimely motion to reconsider the Court's grant of Defendant's Motion for Letters Rogatory." It is no such thing. The Commission did not challenge the issuance of those letters at the time and does not do so now. All the Commission requested from the Court was that it set a deadline at which time the Commission's Motion for Remedies be submitted for ruling.[1] This motion has been fully briefed since April 2026, and the Commission only seeks some finality.

The discovery period for securities cases is typically eight months. The Court granted Defendants' motion to vacate the final judgment on January 21, 2026. Defendants speciously assert that they could not conduct discovery until they knew what the Commission contended were their ill-gotten gains, yet the Commission's motion setting forth their position on that issue was filed on October 1, 2025. And Defendants sought informal discovery from the Commission between January and March 2026. Defendants only chose to utilize formal discovery in this case on March 17, 2026, more than a year and a half after the complaint was filed, and after their response to the Commission's Motion for Remedies was filed.

While the consent judgment does permit discovery, that provision should not be interpreted to allow Defendants to extend discovery beyond the timeframe

---

[1] Defendants contend that the Commission has conceded that a hearing on its motion is appropriate. The Commission has made no such concession and stands by its position as asserted in its briefing on Defendants' motion.

generally permitted in securities cases. Were the Court to calculate an eight-month discovery period from the date that Defendants first used formal discovery, discovery would end in mid-November. Defendants' next status report is due on November 30, 2026. All that the Commission requested in its filing is for the Court to impose the same discovery deadline on the Defendants that would be imposed in the ordinary course.

Moreover, since the Court issued the letters rogatory, there has been a development that has raised concerns for the Commission that Defendants may be engaging in litigation tactics intended to delay resolution of this matter. The day after the Court granted Defendants' Motion for the Issuance of Letters Rogatory, Defendants Jonathan Adam and GCZ Global, LLC (the "GCZ Defendants") filed a complaint in interpleader and for declaratory judgment against the Commission and Bliss Creek Fund 1, LLC, an investor in the fraudulent scheme alleged in the Commission's complaint. Jonathan L. Adam and GCZ Global, LLC v. Securities and Exchange Commission and Bliss Creek Fund 1, LLC, 4:26-cv-5240 (S.D. Tex. July 1, 2026). While the GCZ Defendants represent in that complaint that they attempted to resolve the matter prior to litigation by discussing resolution with Bliss Creek, neither counsel for the GCZ Defendants in that action nor counsel for Defendants in this matter reached out to counsel for the Commission to discuss resolution prior to filing the interpleader complaint. Nor did counsel for the

Defendants seek relief or guidance in this Court. Furthermore, counsel for Defendants chose not to notify the undersigned counsel or this Court of the filing of the interpleader complaint.

Without interpleading any specific res into the court, the interpleader complaint seeks a declaratory judgment "declaring whether Bliss Creek may lawfully execute upon assets subject" to this Court's freeze order and "declaring that any recovery from Bliss Creek subject to the SEC's overlapping disgorgement, constructive trust, or investor-loss claims must be credited dollar-for-dollar against Plaintiff's corresponding obligation to the SEC to prevent duplicative recovery." Given the GZC Defendants' efforts not only to delay enforcement of a state court judgment obtained by Bliss Creek but also to obtain a ruling, from an entirely different court, on the appropriate interpretation of both this Court's freeze order as well as its yet-to-be issued ruling on the Commission's motion for remedies, the Commission believes that further delays in obtaining a final judgment in this matter will be detrimental to the Commission's interest in protecting investors.

Respectfully submitted this 30th day of September, 2026,

*/s/ Kristin W. Murnahan*
M. Graham Loomis
Supervisory Trial Counsel
Georgia Bar No. 457868
loomism@sec.gov

Kristin W. Murnahan
Senior Trial Counsel

Georgia Bar No. 759054
murnahank@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
950 East Paces Ferry Road, NE,
Suite 900
Atlanta, GA 30326
Tel:(404) 842-7600
Fax:(404) 842-7679

**CERTIFICATE OF SERVICE**

On September 30, 2026, I electronically filed the foregoing Reply to Defendants' Response to the Court's August 31, 2026 Order with the Office of the Clerk, using the CM/ECF system.

*/s/ Kristin W. Murnahan*
Kristin W. Murnahan